SHANNON, Judge.
This is an application for certiorari directed to the Florida Industrial Commission by the employer and its insurance carrier. The deputy commissioner entered an order finding that the employee’s disability was not causally connected with his employment and denied compensation. The Full Industrial Commission affirmed the deputy’s findings that the employee’s initial coronary attack had no causal connection with his work but remanded the cause for further proceedings as to-an award of compensation for that portion of the employee’s disability caused by acceleration or aggravation of the heart condition as a result of his continued employment after the initial coronary.
In his order the deputy commissioner found that any permanent partial disability which the employee suffered was not due to an accident arising out of or in the course of his employment. The Full Commission in its order found:
“Claimant has applied for a review from this Order, urging essentially that the Deputy erred by not finding any portion of claimant’s permanent partial disability to be due to an accident arising out of and in the course of his employment. But for the decision by our Supreme Court in Czepial v. Krohne Roofing Co., Fla.1957, 93 So.2d 84, we would be of the opinion that the Deputy Commissioner’s Order accords with the essential requirements of law; however, in the Czepial case, our Supreme Court held that claimant would be entitled to compensation for disability caused by the aggravation of a pre-existing condition. * *
“By the same token, the evidence in the instant cause indicates that although the claimant’s coronary was not occasioned by his employment, and the Deputy so found, there was an aggravation of the disability caused initially by the coronary, and we are of the opinion that under authority of the Czepial case, supra, the claimant is entitled to compensation for that portion of the disability caused by the acceleration or aggravation of his condition as a result of his continued employment. * *
In the Czepial v. Krohne Roofing Company case, Fla.1957, 93 So.2d 84, the Supreme Court held that where a roofer’s constant inhalation of dust and fumes contributed to the acceleration or aggravation of a pre-existing tubercular condition, the roofer suffered an injury by “accident”, and he was entitled to compensation from his employer in whose employment the injurious exposure occurred. In the instant case the claimant had worked approximately ten years as a brakeman for the Firestone Tire & Rubber Company. Some of the duties of the claimant were adjusting and relining brakes, working with master cylinders, repairing tires, which included their removal from and replacement on rims, and installing new *31 tires. While he was changing a tire in the early part of December 1955, he suffered a pain in his chest. He continued to work until about the middle of December, at which time his condition was diagnosed as myocardial infarction. After lengthy hearings and testimony of some four doctors the deputy commissioner entered the order to which we have referred. As the matter now stands, claimant’s coronary attack was not an “accident” arising out of and in the course of his employment, but the order of the full commission, sending the case back to the deputy commissioner for the entry of an award if the employee’s subsequent work for approximately one week tended to aggravate or accelerate the pre-existing heart condition, in effect construes the law to be that an aggravation or acceleration of a non-compensable injury, incurred during the performance of one’s ordinary duties which involve no condition to which the public generally is not ordinarily exposed, is such an “accident” and is compensable.
In the Czepial v. Krohne Roofing Company case, supra [93 So.2d 86], our Supreme Court had this to say:
“Under the facts, as found by both the Deputy Commissioner and the Full Commission, claimant’s pre-existing tubercular condition was accelerated or aggravated by his continued work and failure to have care and rest, together with his inhalation of dust and fumes to which the public generally is not ordinarily exposed. There was thus found to be a direct causal connection between claimant’s injury and the exposure to a danger not ordinarily risked by the public (the inhalation of dust and fumes) even though this was not found to be the sole cause of his disability.
“We re-affirm the rule of Orr, Jr., Inc. v. Florida Industrial Commission, supra, [129 Fla. 369] 176 So. 172, that ‘excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure’, and we agree with the decisions from other jurisdictions, cited above, holding in effect that the fundamentally accidental nature of the injury is not altered by the fact that, instead of a single occurrence, it is the cumulative effect of the inhalation of dust and fumes to which a claimant is peculiarly susceptible that accelerates a claimant’s preexisting disability.” (
While it would appear to be a simple matter to dispose of this case, we can see the implications that would follow from the commission’s ruling if it were to be affirmed. It would mean, for instance, that irrespective of the duties which a claimant must perform in his work, if he has a preexisting heart condition, the very rule of law which the commission’s decision here entails would necessarily be drawn into play. Every employee who has the condition which the present claimant has, regardless of his duties, would have medical testimony to the effect that the employee should not have been working at all, but rather should have been a bed or ambulatory patient, or at least not attempting to perform any kind of duties. We are at once confronted with the problem of whether we have workmen’s compensation, or whether we have health insurance.
In the Czepial case, supra [93 So.2d 86], our Supreme Court held as the basis for compensation that “claimant’s pre-existing tubercular condition was accelerated or aggravated by his continued work and failure to have care and rest, together with his inhalation of dust and fames to wlvich the public generally is not ordinarily exposed.” We find from our study of the opinion in the Czepial case that the court found two things: (1) that claimant’s condition was accelerated or aggravated by the inhalation of dust and fumes to which the public generally is not ordinarily exposed, and (2) that therefore claimant had suffered an injury by “accident,” as the same is used in our Workmen’s Compensation Act, F.S.A. § 440.01 et seq. In the instant case the *32 deputy found, on competent and substantial evidence that an “accident” did not take place and, as a necessary corollary of this finding, that the claimant had not been exposed to a danger not ordinarily risked by the public.
In Foxworth v. Florida Industrial Commission, Fla.1955, 86 So.2d 147, 151, Chief Justice Drew had this to say about Protectu Awning Shutter Co. v. Cline, 1944, 154 Fla. 30, 16 So.2d 342, and about the principles of injury by accident generally:
“ * * * jn the Cline case we upheld recovery for effects of a fall caused by the heart attack of the claimant who as a result fractured his skull on the concrete floor. This decision is justified on the basis that the hardness of the floor was an increased hazard attributable to the employment, but that case represents the outer limits of the doctrine. To extend the rule further would be to eradicate completely the statutory requirement that the injury must be one arising out of the employment. The employment in some manner must contribute an increased hazard peculiar to the employment.”
In Larson’s Workmen’s Compensation Law, Volume 1, pages 355, 356, § 38.64(c), the author says:
“38.64(c) Continuing exertion after symptoms. In the gradual erosion of the unusual-exertion requirement that has been going on in almost all jurisdictions recognizing the requirement, the interpretation of ‘unusualness’ has produced various other distinctions whose relevance is highly debatable.
“For example, New Jersey and New York have held that continuing normal exertions after awareness of symptoms makes the episode accidental.
“Why the performance of routine duties after such awareness should make the heart failure more unexpected and hence more accidental has never been explained. One might have thought continued work with knowledge of symptoms would make the collapse less unexpected, if anything. However, this argument was heavily relied upon in the Todd case [Todd v. Northeastern Poultry Prod. Council, 9 N.J.Super. 348, 73 A.2d 863], and in New York has figured in the Weitz [Weitz v. Schreiber Brewing Co., 275 App.Div. 973, 90 N.Y.S.2d 235], Rivers [Rivers v. Malone Broze Powder Works, 277 App.Div. 1071, 100 N.Y.S.2d 575] and Carlin [Carlin v. Colgate Aircraft Corp., 276 App.Div. 881, 93 N.Y.S.2d 791] cases. The real relevance of this factor is in showing causal connection between the obligations of the employment and the final injury; for if the workman, for some reason, feels impelled to continue with his duties when, but for these duties, he could and would have gone somewhere to lie down at once, the causal contribution of the employment to the aggravation of the condition is clear. It was in this role that the argument figured in the case of Southern Stevedoring Company v. Henderson [5 Cir., 175 F.2d 863], and supported an award to a stevedore who had to climb a thirty-foot ladder out of the ship’s hold after feeling the first symptoms of a heart attack.”
From the quotation above it will be readily seen that New York and New Jersey have held that continuing normal exertion after the appearance of symptoms makes the episode accidental. This is in harmony with the Czepial case, supra, in certain respects, but the Czepial case does not go as far as the holding of the full commission in the instant case. Consequently, even with the rule of the Czepial case as well as that of the Cline case, there is a clear line of distinction.
We, therefore, grant the petition and issue the writ of certiorari. The order of the Florida Industrial Commission is quashed and the cause is remanded to the Com *33 mission with directions to enter an order not inconsistent with the views herein expressed.
KANNER, C. J., and ALLEN, J., concur.