TERRELL, Acting Chief Justice.
The record and the evidence in this case have been examined. It comes as near being a “red cow” case to Spivey v. Battaglia Fruit Company, Fla. 1962, 138 So.2d 308, as one will find in the practice, though opposite conclusions were reached and a different judgment was entered in the two cases. A reading of the deputy commissioner’s order in the case at bar reveals that the conclusion of fact and law detailed in the instant case was predicated largely on the premise that the claimant must prove and “incident which would amount to an accident,” before he can recover. I think this doctrine was limited or materially modified in Victor Wine & Liquor, Inc. v. Beasley, Fla.1962, 141 So.2d 581, 588, and Spivey v. Battaglia Fruit Company, supra. The deputy’s order and the full commission’s af-firmance thereof were filed prior to this court’s opinions in the said cases and neither the deputy commissioner nor the full .commission had the advantage of them.
For these reasons I think this court should quash the order of the full commission and remand the cause to the deputy commissioner with instructions to reconsider his finding and judgment in the light of what we held in Victor Wine & Liquor, Inc. v. Beasley, and Spivey v. Battaglia Fruit Company, supra. He may or he may not reach the same conclusion.
It is so ordered.
THORNAL, CALDWELL, HOBSON (Ret.) JJ., and SMITH, Circuit Judge, concur.