DREW, Chief Justice.
The petitioner’s claim for compensation was originally denied by order of the deputy entered in June 1961, affirmed by the Commission but reversed by opinion of this Court in Zerwal v. Caribbean Modes, Inc., Fla.1962, 145 So.2d 878. Upon remand the deputy entered an award for claimant on July 16, 1963, which was reversed by the Commission on April 28, 1964.
The deputy in his first order concluded that there was no accident to which claimant’s back injury could be attributed, because of what the deputy regarded as conflict between claimant’s testimony as to sudden onset of back pain while lifting heavy cartons on or about September 21, 1960, and testimony of the medical witnesses (1) that they received no history of any particular lifting incident or accident and (2) that claimant’s condition was probably caused by an accumulation of lifting over a period of time rather than any single trauma. The remand by this Court was with directions to reconsider in the light of decisions[1] materially modifying the deputy’s apparent premise that the claimant must prove an “incident which would amount to an accident.”
New findings supporting the deputy’s award upon remand are: that hospital and medical records support with virtual uniformity the claimant’s employment since coming to the United States from Egypt in 1958 had been as shipping clerk, involving lifting considerable weights; that claimant had not previously suffered any back disability or lost time from work, that incidents of lifting and bending in his work finally culminated in sharp pain on September 21, 1960, for which he was treated as a hospital out-patient on October 28, and hospitalized on November 19, 1960, with a diagnosis of ruptured intervertebral disc; and that temporary total disability compensation should be paid from this time through May 4, 1961, the date of hearing on the original claim, together with medical payments, interest and costs.
The Commission reversed with the statement that “It does not appear to us that claimant has shown, in any substantial fashion, that there was a sudden onslaught of pain on or about September 21, 1960. To the contrary, it appears from the evidence in the record that the pain was a gradual thing that came on and increased in intensity over-the ensuing weeks. In this respect we note that claimant’s testimony in the proceedings before the deputy commissioner, on remand, is somewhat different than his testimony in this respect initially.”[2] (Emphasis supplied.)
We believe, however, that the statutory requirements [3] are met and the findings of the deputy amply supported by the record evidence, which, contrary to the italicized *842 portions of the statement last above quoted, was not supplemented or altered upon remand. Specifically, claimant testified, upon questioning by the deputy:
“Q All right, now. Describe the pain. When did you first notice, it was at home ?
“A At work. I was at work, sir. In lifting and moving cartons, I felt like needles and knife in my back from it. ,
“Q Where were you when you first. noticed the pain, if you remember, inside the store or outside ?
“A In the back warehouse.
“Q What were you lifting, specifically?
“A Cartons of shoes, Italian shoes.
“ * * *
“Q Do you know approximately how-much it weighed?
“A No, I never weighed them.
“Q Can you give a statement to the best of your ability?
“A 40, 45, 50, something like that”
As indicated in the previous opinion of this Court, the doctrine of current decisions [4] has been clear that an internal failure brought about by exertion in the performance of the regular employment may be found to be an injury by accident without the necessity of showing that such injury was preceded by any unusual external incident The testimony as to claimant’s complaints of pain beginning at the time in question, unaccompanied by report of an “accident” either on the job or in medical histories, is therefore quite consistent with a conclusion of compensable origin for his injury. Evaluation of the testimony is obviously affected by a consideration of claimant’s foreign origin and occasional lack of language precision.
We think the state of the record and the simplicity of the issue involved make unnecessary any discussion of principles applied in the numerous aggravation and exposure cases, or those involving claims subject to such special classification as heart disability. The order of the Commission should be reversed and the cause remanded with directions that the award be affirmed.
It is so ordered.
THORNAL, O’CONNELL and ERVIN, JJ„ and WIGGINTON, District Court Judge, concur.

. Spivey v. Battaglia Fruit Co., Fla.1962, 138 So.2d 308; Victor Wine & Liquor, Inc. v. Beasley, Fla.1962, 141 So.2d 581, 588.

. Citing Firestone Tire & Rubber Co. v. Hudson, Fla.App.1959, 112 So.2d 29; Thomas v. Carter Fruit and Produce Co., Fla.1962, 137 So.2d 573.

.F.S. Section 440.02(19), F.S.A., provides :
“ ‘Accident’ shall mean only an unexpected or unusual event or result, happening suddenly * * * ” (Emphasis supplied.)

. Reflected in part by the amendment of Section 440.02(19), ibid., to provide that only the result, rather than the cause, need be sudden and unexpected in order that an injury be termed accidental.