ERVIN, Justice.
We have for review by petition for writ of certiorari an order of the Florida Industrial Commission dated June 13, 1968.
On November 1, 1966 Petitioner-claimant, a thirty-nine year old, 130-pound laborer, was employed by Respondent Terrazzo Associates to unload 100-pound bags of terrazzo from a boxcar onto a truck. After loading one truck, claimant sat down to rest. When he attempted to rise to a standing position he felt a pain in his lower back. Claimant worked the rest of the day with the assistance of his foreman, although his back continued to give him pain. Three or four days later, because the pain persisted, claimant called the Respondent and requested remedial care, which was denied. On November 11, 1966 claimant sought medical care from a Dr. Nadler, who diagnosed claimant’s complaint as a sprain of the cervical and lumbar spine. At the behest of Dr. Nadler, claimant' was seen by a Dr. Wilson, an orthopedic surgeon, who discovered no objective findings and pronounced claimant in need of no further treatment and able to return to work.
Following Respondent’s refusal to provide benefits, a claim was filed on behalf of claimant and a hearing held on April 4, 1967 before the Judge of Industrial Claims. He entered an order finding claimant sus *258 tained an injury as a result of an accident arising out of and in the course of his employment; that claimant was entitled to permanent partial disability benefits based on five per cent physical impairment to the body as a whole, and determined such physical impairment to be in excess of the loss or diminution of claimant’s wage earning capacity. In this respect, the Judge noted that claimant had sustained a prior back injury in 1962 for which he was paid workmen’s compensation benefits based on a twenty per cent permanent partial disability of the body as a whole. The Judge reasoned, however, that based on a comparison of claimant’s average weekly wage, none of the disability attributed to the prior injury existed at the time of his 1966 accident.
On review, the Commission reversed and dismissed the claim. The Commission held as a matter of law that the episode of the claimant feeling pain upon arising from a sitting position is not an injury by accident which arose out of his employment activity. Petitioner presently seeks review of this reversal order.
We conclude the Commission erred in reversing the order of the Judge of Industrial Claims. The record evidence before us indicates that claimant sustained a compensable injury by accident within the meaning of F.S. Section 440.02(19), F.S.A. Under our holding in Gray v. Employers Mutual Liability Insurance Co. (Fla.1953), 64 So.2d 650, and the 1953 amendment to Section 440.02(1) incorporating the holding in Gray, it is incumbent on a claimant, in order to receive compensation, to show only that he sustained injury as an unexpected result flowing from the performance of his employment activities. It will be recalled claimant testified that after loading one truck he sat down to rest and then experienced pain in his back and neck when he attempted to stand on his feet. Claimant further testified that he continued to participate in the work of loading trucks, but was assisted by his foreman since he could work “only from the top” being unable to stoop down as before. This testimony, coupled with Dr. Nadler’s testimony to the effect that claimant suffered from a sprain of the cervical and lumbar spine and that the pain experienced by claimant was compatible with the heavy lifting in which he had been engaged, suffices to demonstrate that claimant received a back injury as the unexpected result of such work. The fact that claimant’s testimony revealed he had in the past experienced some back pain when engaged in heavy work but which did not disable him to fully perform (except for the completed episode in 1962) does not dispel a logical conclusion from the record evidence available that claimant’s present back injury is an “internal failure” which resulted unexpectedly and suddenly from the performance of his employment activities.
In conclusion, we note that the present situation is not comparable to the factual context of Martin Company v. Carpenter (Fla.), 132 So.2d 400. In the instant case, unlike Carpenter, the pain experienced by claimant arose suddenly with the result that over a short span of time claimant’s ability to perform his lifting and loading activities was appreciably curtailed. This evidence, together with the medical testimony in the record, indicates that claimant sustained an internal failure in the form of a sprain of the cervical and lumbar spine which resulted suddenly and unexpectedly from his employment activities. We are not here concerned with pain and injury identical in form and degree with the result claimant might reasonably have expected from his experience to naturally flow from the lifting activities in which he was engaged.
The order appealed from is quashed. Since findings of the Judge of Industrial Claims set out in the order dated September 13, 1967 are supported by competent substantial evidence which accords with logic and reason, said order is accordingly reinstated.
*259 The Petition for attorney’s fees filed by Petitioner Williams is granted in the amount of $350.00.
It is so ordered.
ROBERTS, J., SPECTOR, District Judge, and McCORD, Circuit Judge, concur.
CALDWELL, C. J., dissents.