BOYD, Justice.
This cause is before the Court on petition for certiorari to review an order of the Industrial Relations Commission. The Commission reversed the finding of the Judge of Industrial Claims that the claimant was injured by an accident arising out of and in the course of his employment. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972).
Petitioner George E. Houle went to work for Asphalt Sealing and Stripping Company in May or June, 1976. His job consisted of cleaning and sealing asphalt pavement such as is used in parking lots and driveways. In the course of installing large concrete blocks used as car stops at the front of parking spaces, he wás often called upon to lift and move the 150-pound car stops. When working on automobile parking lots, petitioner would have to lift and move from 50 to 400 car stops.
Around the middle of January, 1977, petitioner began to experience back problems at work. While driving a company truck back from a job in early February, he experienced sharp, unbearable pain in his back. The next day he told his employer about the incident. He continued to experience back pain and saw a doctor on March 25 and again on April 18. The doctor concluded that Mr. Houle was suffering from residual back pain, a weakness of dorsiflexion, and diminished sensation in the lower left leg, but only when he performed heavy lifting. The doctor concluded that petitioner was unable to perform heavy labor, and advised him to change jobs.
Several years previous to these experiences, petitioner had two surgical operations on his back. Because of these operations, he did not work from 1961 to 1965. *670 Since that time, however, he has had steady employment, often at jobs requiring heavy lifting. During the time from about 1965 when he returned to work up until the instance at issue now, according to his testimony, petitioner had no problems with his back except for one isolated occasion when he was driving to work.
Petitioner stopped working in March, 1977 and filed his claim on April 21. After a hearing, the Judge of Industrial Claims found that “the resulting injury was an unusual result, occurring suddenly, as a result of the repeated strenuous lifting called for in the claimant’s employment.” The Commission reversed on the ground that there was no evidence of an accident. We hold that the Commission departed from the essential requirements of law and we therefore reverse.
Years ago this Court held that it was enough if there was “an unexpected result, even though there was no unexpected cause, such as a slip, fall or misstep, in order to constitute an 'accident’ within the meaning of the Workmen’s Compensation Law.... ” Gray v. Employers Mutual Liability Insurance Co., 64 So.2d 650, 651 (Fla.1952) (emphasis in original). Ten years later the Court granted workers’ compensation benefits to a woman who gradually started having pains in her back (later diagnosed as a herniated disc) and legs while packing grapefruit even though she could not recall the exact moment when the pains began. Spivey v. Battaglia Fruit Co., 138 So.2d 308 (Fla.1962). There we made it clear that the circumstances, not just a particular circumstance of one’s work, can be a “causative factor” of an injury. Id. at 311. See also, Zerwal v. Caribbean Modes, Inc., 170 So.2d 840 (Fla.1965).
The issue in this case is whether there was substantial competent evidence upon which the Judge of Industrial Claims could base his finding that the claimant’s injury was caused by repeated strenuous lifting of the car stops. This is the same issue as in the case of Williams v. Terrazzo Associates, 224 So.2d 257 (Fla.1968), where the claimant experienced pain in his lower back after unloading 100-pound bags from a boxcar. The Court held that the claimant’s testimony, coupled with the doctor’s testimony that “the pain experienced by claimant was compatible with the heavy lifting in which he had been engaged, suffices to demonstrate that claimant received a back injury as the unexpected result of such work.” Id. at 258. The Court further observed:
The fact that claimant’s testimony revealed he had in the past experienced some back pain when engaged in heavy work but which did not disable him to fully perform (except for the completed episode in 1962) does not dispel a logical conclusion from the record evidence available that claimant’s present back injury is an “internal failure” which resulted unexpectedly and suddenly from the performance of his employment activities.
Id. Similarly, petitioner’s testimony coupled with his doctor’s observation that his symptoms occurred only when performing heavy lifting or bending is sufficient to establish a causal connection between his work and the injury.
Since there is substantial competent evidence supporting the Judge of Industrial Claims’ finding, the Industrial Relations Commission departed from the essential requirements of law by substituting its own judgment. Scholastic Systems, Inc. v. Leloup, 307 So.2d 166 (Fla.1974). We therefore reverse the Commission’s order and remand this case with instructions that the Judge of Industrial Claims’ order be reinstated.
It is so ordered.
SUNDBERG, C. J., and ADKINS, ENGLAND and McDONALD, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.