MILLS, Judge.
Simmons appeals from an order of the Deputy Commissioner finding that he suf *61 fered no compensable injury and denying his claim for TTD benefits and medical expenses. We affirm.
Simmons was employed by Fairchild Industries (E/C) as a sheetmetal mechanic. His job involved the occasional lifting (1 or 2 times per week), with the assistance of other workers, of 190-pound airplane fuselage sections. During infrequent “rush” periods, more lifting with fewer assistants was sometimes required. Simmons alleges that the lower back injury of which he complains began with an unspecified on-the-job incident in October 1983 and culminated during a January 1984 “rush” period. No specific date of injury was proven below or claimed by Simmons in his written statement of injury.
Simmons consulted a general practitioner for his back pain in January and February 1984. On neither occasion did he relate the pain to his work, but theorized that it was the result of a 1974 administration of spinal anesthesia during knee surgery. He gave the same explanation to an orthopedic surgeon to whom he was referred; again, no work-related incident was mentioned. It was not until he consulted a second orthopedic surgeon following the filing of this claim that Simmons related an October 1983 on-the-job incident to his pain. The second surgeon discovered a herniated disc at L-5. None of the physicians related this condition to Simmons’ employment and the deputy found that no causal relationship had been established.
The lack of a specific date of injury is not necessarily fatal to a worker’s compensation claim, because the circumstances of one’s work, not just a particular circumstance, can be a causative factor of an injury. Houle v. Asphalt Ceiling and Stripping Co., Inc., 397 So.2d 669, 670 (Fla.1981) citing Spivey v. Battaglia Fruit Co., 138 So.2d 308 (Fla.1962). Simmons relies on a “prolonged exposure” theory to demonstrate the required causation. He must therefore prove prolonged exposure or repeated trauma on the job, the cumulative effect of which is injury. Festa v. Teleflex, 382 So.2d 122 (Fla. 1st DCA 1980). However, Simmons provided no evidence that heavy lifting was a frequent or even regular aspect of his employment, and no medical testimony demonstrated that the lifting which he did perform resulted in the injury to his back.
The conclusion of the deputy is supported by competent substantial evidence and we affirm.
SMITH and THOMPSON, JJ., concur.