**Eliza Pearl NOEL, Petitioner–Appellant,**

v.

**ROLSCREEN COMPANY, Employer, and Employers Mutual Companies, Insurance Carrier, Respondents–Appellees.**

No. 90–1378.

Court of Appeals of Iowa.

Aug. 27, 1991.

Harold B. Heslinga of Heslinga, Heslinga, Dixon & Grotewold, Oskaloosa, for appellant.

Larry D. Spaulding and Sheila K. Tipton of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

The sole issue in this appeal is whether the industrial commissioner properly calculated the weekly compensation benefit due an employee injured during the course of her employment. The district court affirmed the commissioner's calculation. We affirm the district court and the commissioner.

Petitioner-appellant Eliza Pearl Noel was employed by respondent-appellee Rolscreen Company as a drill operator when she injured several fingers, resulting in a permanent partial impairment to both the left index and second fingers. She received seven and five-sevenths weeks as healing period benefits and forty-three and seven-tenths weeks as permanent partial disability. The weekly benefit rate was determined to be $263.25. Only the weekly benefit rate is challenged.

Appellant contends it was error to exclude a Christmas bonus in computing her weekly compensation benefit. Appellant is an hourly employee. Section 85.36, Code of Iowa (1989), specifies the basis for computing the weekly compensation benefit of hourly employees under Iowa's Workers' Compensation statutes:

The basis of compensation shall be the weekly *earnings of the injured employee at the time of the injury.* Weekly earnings means gross salary, wages, or earnings of an employee to which such employee would have been entitled had the employee worked the customary hours for the full pay period in which the employee was injured, as regularly required by the employee's employer for the work or employment for which the employee was employed, computed or determined as follows and then rounded to the nearest dollar:

\*    \*    \*    \*    \*    \*

In the case of an employee who is paid on a daily, or hourly basis, or by the output of the employee, the weekly earnings shall be computed by dividing by thirteen the earnings, not including overtime or premium pay, of said employee *earned in the employ of the employer in the last completed period of thirteen consecutive calendar weeks immediately preceding the injury.* (Emphasis supplied).

Appellant was injured on April 27, 1988. The deputy, applying section 85.36(6) of the Code, determined the weekly compensation benefit based on the average of appellant's earnings during the thirteen consecutive week period immediately preceding her injury. The deputy excluded any anticipated bonus on the basis the anticipated bonus was not earnings during this thirteen-week period. Appellant contends the exclusion of an anticipated Christmas bonus in computing the benefit was error.

In the past, appellant had received Christmas bonuses ranging from 7.5% to 15% of her annual wages. In order to qualify for the bonus, an employee must have been an active employee on November 30 of the applicable year. If this condition is satisfied, the amount of the bonus is then determined based on (1) number of years of continuous service, and (2) amount of gross wages earned in the applicable fiscal year. The applicant's payroll check stub showed an hourly wage for regular earnings and an hourly wage including Christmas bonus. The percentage used to determine appellant's Christmas bonus for the fiscal year December 1, 1987 to November 30, 1988 was 15%.

The Christmas bonus is defined in the employee handbook as anticipated bonus. The bonus is a future payment given if the employee satisfies the conditions precedent to receiving it. The payment of the bonus is not contingent upon the business showing a profit or reaching a particular profit margin. Employees may not use the expected bonus or borrow against it until the precedent conditions are met. The Christmas bonus is paid from the general operating account of the employer and not from an account earmarked for the employee. The bonus program is a voluntary program that can be discontinued by the employer for any reason. The program can be changed or altered in any manner or replaced with another fringe benefit plan at the employer's discretion.

Other states addressing the issue have determined a bonus should not be used to determine an employee's weekly workers' compensation benefit unless the employee's right to the benefit has vested at the time of his or her injury. *See Russell v. Colorado Div. of Employment,* 786 P.2d 483 (Colo.A.Sup.1989), *cert. denied* (January 29, 1990); *Avon Part Correctional Inst. v. Campbell,* 565 So.2d 375 (Fla.App.1990); *Polk County School Bd. v. Cobbett,* 547 So.2d 991 (Fla.App.1989). We affirm on this issue.

The appellant further argues Iowa Code section 85.61(12), supports her argument. That section defines the term "gross earnings" to include

recurring payments by employer to the employee for employment, before any authorized or lawfully required deduction or withholding of funds by the employer, excluding irregular bonuses, retroactive

pay, overtime, penalty pay, reimbursement of expenses, expense allowances, and the employer's contribution for welfare benefits.

The Christmas bonus was not earnings because, as the commissioner found, it was not paid or received within the period of time specified in section 85.36(6). Additionally, the bonus is not a regular bonus. The employee handbook describes the Christmas bonus as a bonus of varying amounts, and is dependent on several conditions for amount. It is subject to a condition precedent, varies in amount, and is not fixed in terms of entitlement or amount until late in the fiscal year. We affirm.

AFFIRMED.