# IN THE COURT OF APPEALS OF IOWA

No. 13-1616
Filed August 13, 2014

**PELLA CORPORATION,**
    Plaintiff-Appellant,

**vs.**

**RENEE MINAR,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

An employer appeals the district court's affirmance of the workers' compensation commission decision.  **AFFIRMED.**

David L. Jenkins of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Dennis J. Mahr, Sioux City, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

This appeal from a workers' compensation decision primarily requires us to primarily determine whether the agency's inclusion of an employee's bonuses in her "gross earnings" was "irrational, illogical, or wholly unjustified."

## I.    *Background Facts and Proceedings*

Renee Minar injured her neck while working for Pella Corporation. Minar filed a petition for workers' compensation benefits, which proceeded to hearing before a deputy workers' compensation commissioner.

At the hearing, the employer stipulated to an injury arising out of and in the course of employment. The employer focused on other issues, including the treatment of two bonuses Minar received on an annual and quarterly basis.

The deputy commissioner determined that the bonuses were "regular bonuses and should be included in the calculation of [Minar's] gross wages." The deputy reasoned that "[t]he regularity of the payments, regardless of the bonus language in the [employee] handbook, are part of the earnings that the employees of the defendant expect and on which they pay income taxes" and "to not include the bonus amounts would artificially skew the claimant's actual earnings and produce an inaccurate rate."

On intra-agency review, the commissioner affirmed this determination. The commissioner based his decision on Minar's testimony that "she qualified for and received these bonuses every year she worked there—a fact not disputed by defendant's representative." The commissioner also relied on the deputy's finding that "these bonuses constituted a regular part of claimant's expected

compensation for the services she performed for defendant and upon which she was taxed."

Pella sought judicial review. The district court affirmed the agency decision, reasoning as follows:

> The Commissioner listed logical reasons for concluding that Minar's bonus was "regular" and should be considered in computing her weekly rate. Given the "factual foundation," the Commissioner's decision was "governed by reason," and "was not devoid of logic."

(citing *Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 266 (Iowa 2012)).

Pella appealed.

## II.    *Standard of Review*

Resolution of this appeal is governed by our standard of review. In *Burton*, the Iowa Supreme Court articulated the relevant standard applicable to the precise issue we face:

> The commissioner is tasked with finding facts in order to determine an employee's gross earnings. When an agency has been vested with the authority to find facts, it is also vested with the authority to apply the law to those facts. When an agency has been clearly vested with the authority to apply law to fact, we will only disturb the agency's application if it is irrational, illogical, or wholly unjustifiable.

*Burton*, 813 N.W.2d at 265. The court defined these last three standards as follows:

> A decision is "irrational" when it is "not governed by or according to reason." A decision is "illogical" when it is "contrary to or devoid of logic." A decision is "unjustifiable" when it has no foundation in fact or reason.

*Id.* (citing *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 432 (Iowa 2010)).

### III. Analysis

Workers' compensation benefits are calculated based on "the weekly earnings of the injured employee at the time of the injury." Iowa Code § 85.36 (2013). Weekly earnings are defined as "gross . . . earnings." *Id.* The definition of "gross earnings" excludes "irregular bonuses." Iowa Code § 85.61(3).

The parties agree that two opinions are instructive on the question of whether bonuses are "irregular bonuses." The commissioner considered both in arriving at his final decision.

In *Burton*, 813 N.W.2d at 266-68, the Iowa Supreme Court affirmed the commissioner's decision to include a "regular annual bonus" as weekly earnings. The court reasoned that the commissioner's ruling was based on testimony establishing receipt of the bonuses in the three years following the year of hire, characterization of the bonus as a "thank you" for being part of the operation, and receipt of the bonus despite "numerous discussions" with the claimant about her performance. *Burton*, 813 N.W.2d at 266.

In *Noel v. Rolscreen Co.*, 475 N.W.2d 666 (Iowa Ct. App. 1991), this court affirmed the commissioner's decision to exclude an anticipated bonus from a claimant's gross earnings. *Noel*, 475 N.W.2d at 667. This court reasoned that the bonus "was not paid or received within the time period specified" in the applicable statute and the bonus was "not a regular bonus." The court noted that an employee handbook described the bonus "as a bonus of varying amounts," which was "dependent on several conditions for amount," and was "not fixed in terms of entitlement or amount until late in the fiscal year." *Id.* at 667-68.

Pella contends the commissioner acted irrationally in including the bonuses in Minar's earnings and in calculating Minar's benefit rate as $491.26 per week rather than its $441.19 as it proposed. In its view, *Noel* is controlling because the case involved its predecessor company, Rolscreen, which implemented a bonus program virtually identical to the one at issue here. Minar responds that *Burton* is the most recent opinion on the subject and contains language expressly limiting the reach of *Noel*.

Minar is correct on both counts. The Iowa Supreme Court decided *Burton* after this court decided *Noel* and the court declined to read *Noel* as requiring consideration of the enumerated factors in every case. *Burton*, 813 N.W.2d at 266. That said, the court did not suggest *Noel* employed flawed reasoning. Instead, its decision turned on "the applicable standard of review." The court emphasized that "[s]o long as the application of law to fact is not illogical, irrational, or wholly unjustified, the agency's decision will be upheld on judicial review." *Id.*

Turning to the record in this case, a Pella representative testified that Pella paid its employees an annual service bonus and a quarterly performance bonus both of which were subject to conditions precedent. *See Noel*, 475 N.W.2d at 667-68. However, the condition precedent to receiving the service bonus was simply being an "active employee on November 30th" of the year the bonus was paid and the condition precedent to receiving the quarterly bonus was being employed on the last day of the quarter. The bonus was paid every year after the 1991 *Noel* decision. While the bonuses varied in amounts, a factor considered in *Noel* as supporting a determination that they were irregular, the

bonuses in *Burton* also varied in amounts and this fact did not preclude an affirmance of the commissioner's finding that the bonuses were regular. Additionally, the variance in Minar's bonus between 2005 and 2006 was an insignificant sixty-six cents.

This record evidence amounts to substantial evidentiary support for the commissioner's finding that the bonuses were part of Minar's earnings and further supports the commissioner's determination that the bonuses were regular. Accordingly, we conclude the commissioner's application of law to fact was not "irrational, illogical, or wholly unjustified." *Burton*, 813 N.W.2d at 266.

Pella also contends the commissioner acted irrationally in including the annual service bonus in the benefit rate calculation because the bonus was not paid within the statutorily-prescribed window for calculating benefits. *See* Iowa Code § 85.36(6) (for employees paid on daily or hourly basis, calculating weekly earnings based on "the last completed period of thirteen consecutive calendar weeks immediately preceding the injury"). This issue was not explicitly decided by the commissioner, raising preliminary doubts as to whether we may review it. *See Meads v. Iowa Dep't of Soc. Servs.*, 366 N.W.2d 555, 559-60 (Iowa 1985) (noting courts on judicial review of agency action exercise only appellate jurisdiction and are limited to reviewing issues considered and decided by the agency). However, implicit in the commissioner's finding that the service bonus was part of Minar's gross earnings was a finding that it should be included in the thirteen-week period governing rate calculations. Accordingly, we conclude the issue is subject to review.

The record reveals Minar's 2006 service bonus vested on November 25, 2006, the last day of Pella's fiscal year and five days before Minar's injury. Accordingly, Minar was "entitled" to the bonus. *See* Iowa Code § 85.36 (defining weekly earnings as earnings "to which such employee would have been entitled"). Although the bonus was paid a week after Minar's injury, it was not an anticipated bonus as Pella claims, but a vested bonus. *See Burton*, 817 N.W.2d at 264-66 (affirming agency's inclusion of annual bonus for 2005 in calculating 2005 wages for injury that occurred in January 2006); *Noel*, 475 N.W.2d at 667 (noting commissioner excluded prospective bonus and citing out-of-state cases for the proposition that bonuses should not be included "unless the employee's right to the benefit has vested").

We conclude the commissioner's inclusion of the annual service bonus in the rate calculation was not "irrational, illogical, or wholly unjustified." We affirm the district court's affirmance of the workers' compensation decision.

**AFFIRMED.**