

FILED

Nov 16 2017, 5:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Donald S. Smith
Laura S. Reed
Miranda W. Bernadac
Riley Bennett Egloff LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Nathan B. Maudlin
Klezmer Maudlin, P.C.
New Harmony, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Midwest Equipment &
Supply Co.,

*Appellant-Respondent,*

v.

James Garwood,

*Appellee-Claimant*

November 16, 2017

Court of Appeals Case No.
93A02-1705-EX-1140

Appeal from the Indiana Worker's
Compensation Board

The Honorable Linda Peterson
Hamilton, Chairperson

Application No.
C-229439

**Baker, Judge.**

James Garwood was an employee of Midwest Equipment & Supply Co. (Midwest) when he was injured on the job. He was awarded worker's compensation benefits pursuant to the Worker's Compensation Act.[1] Midwest appeals the award Garwood received, arguing that the Worker's Compensation Board (the Board) erred when it determined that Garwood's two bonuses should be considered earnings for purposes of calculating Garwood's average weekly wage, a calculation that determined the amount of benefits Garwood received. Garwood argues that this Court should affirm the Board's decision and increase his award pursuant to the Act. Finding no error with the Board's decision and that Garwood is entitled to an increased award, we affirm the Board's decision and remand with instructions to increase Garwood's award by 5%.

# Facts

Garwood began working at Midwest in 2004 as a shipping and receiving clerk. He received a promotion to warehouse supervisor in 2013. On November 1, 2013, Garwood received a $20,000 profit sharing bonus. Midwest's profit sharing bonus is tied to the company's profits. On April 4, 2014, Garwood received a $1,750 shipping bonus. The shipping bonus is tied to the work an individual performs in the warehouse. On July 24, 2014, Garwood suffered an injury while unloading cargo at work.

---

[1] Ind. Code § 22-3-1-1 *et seq.*

[3] At some point, Garwood filed a claim for worker's compensation benefits. Following his filing, Midwest calculated Garwood's average weekly wages using the regular wages Garwood earned in the fifty-two weeks immediately preceding his injury. Midwest did not include Garwood's two bonuses in this calculation.

[4] On March 14, 2016, Garwood filed an application for adjustment of his claim. On November 7, 2016, a hearing was conducted before a hearing member of the Board regarding, in part, whether Garwood's bonuses should have been included in Midwest's calculations of his average weekly wages. On December 8, 2016, the hearing member determined that Garwood's shipping bonus of $1,750 and profit sharing bonus of $20,000 should have been included in the calculation, and the hearing member awarded Garwood additional benefits as a result of that determination.

[5] On January 9, 2017, Midwest appealed the hearing member's order to the full Board. On March 13, 2017, a hearing took place with the full Board. On April 28, 2017, the full Board affirmed the hearing member's opinion. Midwest now appeals.

## Discussion and Decision

[6] Midwest argues that the Board erred when it included Garwood's bonuses in its calculations of Garwood's average weekly wages. Our standard of review of a decision of the Board is well established:

> In reviewing a worker's compensation decision, an appellate court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. We examine the record only to determine whether there are any substantial evidence and reasonable inferences that can be drawn therefrom to support the Board's findings and conclusion. As to the Board's interpretation of the law, an appellate court employs a deferential standard of review to the interpretation of a statute by an administrative agency charged with its enforcement in light of its expertise in the given area. The Board will only be reversed if it incorrectly interpreted the Worker's Compensation Act.

*Christopher R. Brown, D.D.S., Inc. v. Decatur Cty. Mem'l Hosp.*, 892 N.E.2d 642, 646 (Ind. 2008) (internal citations omitted).

[7] Indiana's Worker's Compensation Act serves "to aid workers and their dependents and shift the economic burden for employment related injuries from the employee to the employer and consumers of its product and services." *Tunny v. Erie Ins. Co.*, 790 N.E.2d 1009, 1013 (Ind. Ct. App. 2003). It is intended to provide an expeditious remedy that will guarantee the injured party some recovery for an industrial accident. *Id.* "Worker's compensation is for the benefit of the employee, and the Act should be liberally construed . . . so as to not negate the Act's humane purposes." *DePuy, Inc. v. Farmer*, 847 N.E.2d 160, 170 (Ind. 2006) (internal quotation marks and citation omitted). Doubts in the application of the Act's terms are to be resolved in favor of the employee. *Brown*, 892 N.E.2d at 649.

[8]     The Act defines "average weekly wages" as "the earnings of the injured employee in the employment in which the employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of injury, divided by fifty-two (52)." I.C. § 22-3-6-1(d). The Act does not define "earnings." There is nothing in the Act that excludes a bonus already awarded to an employee—whether it is awarded based on an individual's productivity or a company's profit—from being considered as earnings and therefore included in the calculation of average weekly wages.

[9]     In this case, during the fifty-two weeks immediately preceding Garwood's injury, he received two bonuses totaling $21,750. Deeming these bonuses to be earnings and including them in the calculation of Garwood's average weekly wages increases his worker's compensation award, thereby shifting any economic burden Garwood may have during his physical recovery from Garwood to Midwest. This result effectuates the Worker's Compensation Act's humane purpose and goal of benefitting the employee.

[10]    Midwest contends that Garwood's bonuses should not be included in the calculations of his average weekly wages because his bonuses were not governed by a written agreement, were not automatically paid, and were awarded through discretionary decisions made by Midwest's management, and the profit sharing bonus was not based on his output or performance. True as those statements may be, the statute defining average weekly wages specifies only one condition for its calculation—that the calculation include the earnings of the injured employee during the period of fifty-two weeks immediately

preceding the date of injury. I.C. § 22-3-6-1(d). It is undisputed that Garwood received his bonuses during the fifty-two weeks that immediately preceded his injury. To require any additional conditions would go beyond the express language of the statute. As our Supreme Court has stated, because the Worker's Compensation Act "is uniquely legislative . . . appellate courts should be hesitant to disturb the delicate balance the General Assembly has reached and thus refrain from applying provisions not expressly included in the statutory scheme." *Brown*, 892 N.E.2d at 649. Midwest's argument is therefore unavailing.

[11] Midwest directs our attention to two cases that consider whether a bonus is a wage for purposes of Indiana's Wage Payment Statute; each found that a bonus was not a wage. *See Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir. 1998); *Highhouse v. Midwest Orthopedic Inst., P.C.*, 807 N.E.2d 737, 739-40 (Ind. 2004). In its analysis, however, Midwest discounts the different purposes and goals of the Worker's Compensation Act and the Wage Payment Statute. Whereas the Worker's Compensation Act serves to aid employees following employment-related injuries, the Wage Payment Statute "governs both the frequency and amount an employer must pay its employee" for regular work done by the employee. *McCausland v. Walter USA, Inc.*, 918 N.E.2d 420, 424 (Ind. Ct. App. 2009). These two statutes are dissimilar and entirely independent of one another, and as a result, we do not find the reasoning in *Herremans* or *Highhouse* to be persuasive in the context of the Worker's Compensation Act.

[12] Midwest also relies on cases from Illinois and Iowa in which the courts considered whether a bonus should be calculated as part of an employee's earnings for worker's compensation benefits; in each case, the court found that the bonus should be excluded from the calculation. *See Levkovitz v. Indus. Comm'n*, 628 N.E.2d 824, 827 (Ill. Ct. App. 1993); *Noel v. Rolscreen Co.*, 475 N.W.2d 666, 667-68 (Iowa Ct. App. 1991). Again, we find the cases on which Midwest relies unpersuasive. As Midwest itself notes, the Illinois worker's compensation statute specifically excludes bonuses from its definition of "average weekly wages," *Levkovitz*, 628 N.E.2d at 827, and the Iowa worker's compensation statute specifically excludes "irregular bonuses" from its definition of "gross earnings." *Noel*, 475 N.W.2d at 667-68. Unlike those statutes, Indiana's statute does not exclude bonuses from the calculation of average weekly wages. Accordingly, the other jurisdictions' analyses do not aid our analysis of Indiana's Worker's Compensation Act.

[13] Finally, we will address Garwood's request that his award be increased by 10%. Indiana Code section 22-3-4-8(f) provides that "[a]n award of the full board affirmed on appeal, by the employer, shall be increased thereby five percent (5%), and by order of the court may be increased ten percent (10%)." Generally, an order to increase the award by 10% is not warranted unless the issues presented upon appeal are frivolous, appellate review is thwarted by the employer's actions, or there has been an extended period of time within which the injured worker has been prevented from obtaining worker's compensation benefits. *Inland Steel Co. v. Pavlinac*, 865 N.E.2d 690, 703 (Ind. Ct. App. 2007).

Here, it is undisputed that the full Board granted Garwood's award, and as we are affirming his award, we order his award to be increased by 5% as required by the Act.

[14] Garwood argues that this Court should increase his award by 10% because Midwest's argument on appeal was frivolous. We disagree. This case is one of first impression; neither Indiana's Worker's Compensation Act nor Indiana case law provides guidance on whether a bonus should be included in the calculation of an average weekly wage. Thus, the issue presented upon appeal was not frivolous, but rather was a genuine legal issue that required clarification. Accordingly, we decline to exercise our discretion to increase Garwood's award by more than the 5% required by the Act.

[15] The award of the Worker's Compensation Board is affirmed and remanded with instructions to increase Garwood's award by 5%.

Bailey, J., and Altice, J., concur.