393 So.2d 613 (1981)
GREEN THUMB CORPORATION and Hartford Accident & Indemnity Company, Appellants,
v.
Dorothy BRITTEN, Appellee.
No. UU-453.
District Court of Appeal of Florida, First District.
February 6, 1981.
*614 Frederick J. Daniels, Orlando, for appellants.
Curtis B. Goff, Orlando, for appellee.
WENTWORTH, Judge.
The carrier appeals the deputy commissioner's order awarding Britten reimbursement for travel expenses related to her medical treatment. We reverse.
This is the second appeal in this case. In 1978, a judge of industrial claims awarded benefits and Britten appealed, arguing, among other things, that the judge erred in failing to determine the issue of mileage reimbursement. The Industrial Relations Commission affirmed without comment.
Subsequently, Britten renewed her request for mileage reimbursement. The carrier, while stipulating to the number of miles at issue, argued she was not entitled to reimbursement. The deputy awarded $118.02, plus $125.00 in attorney's fees, representing all of the mileage claimed.
Britten's original claim filed in 1976 included a request for remedial treatment and mileage. In 1978, the parties' pre-trial stipulation and the judge's order both reflected that the question of mileage was at issue. There is no indication that Britten withdrew her claim for mileage, but the order contained no express rejection of that item. See Orlando v. Exxon Company, U.S.A., IRC Order 2-3040 (September 29, 1976). Although the claim for mileage was mature at the time of the hearing, Britten's attorney did not present evidence on this issue.
Absent the withdrawal of the claim or the continuation of the cause or a permissible reservation of jurisdiction by the deputy commissioner, we find the 1978 deputy's order to be res judicata in making no award for the item claimed. Florida's Workers' Compensation Law provides a mechanism for re-opening an adjudicated claim if there has been a change of condition or a mistake of fact. Section 440.28, Florida Statutes. However, Britten presents no ground for invoking that relief.
Therefore, the deputy erred in awarding Britten reimbursement for travel costs incurred before the 1978 order. The order now appealed is proper insofar as it awards mileage reimbursement for travel relating to ordered or authorized treatment after the original order.
Accordingly, the order is reversed and remanded for recomputation of mileage reimbursement and attorney's fees.
REVERSED AND REMANDED.
MILLS, C.J., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge, concur.