407 So.2d 965 (1981)
Charles A. REESE, Appellant,
v.
SEWELL HARDWARE COMPANY, INC., and Liberty Mutual Insurance Company, Appellees.
No. AB-71.
District Court of Appeal of Florida, First District.
December 9, 1981.
Rehearing Denied January 12, 1982.
Robert R. Johnson of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for appellant.
Patrick J. Malone of Beisler & Wells, West Palm Beach, for appellees.
SHIVERS, Judge.
Reese, claimant in this worker's compensation action, appeals a deputy commissioner's order which denied his requests for an increase in his compensation rate and for penalties on past due compensation. We reverse on both points.
After paying Reese temporary total disability for a number of months, the carrier began reducing the amount of compensation to reimburse itself for alleged overpayments. This overage had occurred, the carrier stated, because the employer was continuing to pay group insurance premiums on Reese's behalf, resulting in a duplication of benefits.
Reese then filed a request for an increase in his compensation rate, arguing *966 that the insurance premiums should be included in determining the rate. Reese also argued that his vested pension benefits should be included, and he sought appropriate penalties. The deputy correctly determined that both the insurance premiums and the pension benefits should be included in Reese's average weekly wage. On appeal, the carrier does not dispute this finding. However, the deputy concluded that the compensation rate should not be increased by the insurance payments. He also held that no penalties should be assessed.
The ruling on Reese's compensation rate must be reversed because of the mandatory language of Section 440.15(2)(a), Florida Statutes (1977) that "60 percent of the average weekly wages shall be paid to the employee" during the period of temporary total disability. The carrier has not directed us to any authority which would empower a deputy to fashion the remedy ordered in this case.
We must also reverse on the issue of penalties because the record contains no evidence to excuse the carrier's failure to make timely payments at the proper compensation rate. At hearing, the carrier did not dispute its failure to pay appropriate compensation based upon Reese's pension benefits; instead, the carrier's attorney informed the deputy, and now represents to this court, that the pension calculations were so complicated that it required a delay of two years to determine the compensation rate. On remand, the deputy is instructed to compute and award the appropriate penalty for the carrier's failure to timely pay compensations based upon the pension benefits. In light of this opinion, the deputy should consider whether the carrier's failure to pay benefits based on the insurance premiums was excusable and, if not, he should award an appropriate penalty.
Accordingly, this cause is reversed and remanded.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.