411 So.2d 1327 (1982)
William C. BUCKHALTER, Appellant,
v.
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellees.
No. ZZ-418.
District Court of Appeal of Florida, First District.
February 16, 1982.
Rehearing Denied April 5, 1982.
*1328 Thomas W. Davis, Barton, Cox & Davis, Gainesville, for appellant.
Jack A. Langdon, Jones & Langdon, Gainesville, for appellees.
WENTWORTH, Judge.
Buckhalter, the claimant in this workers' compensation case, raises many issues on appeal, several of which deal with the alleged failure of the deputy commissioner to decide issues which were properly brought before him and ripe for adjudication.[1]
The first question concerns the failure to find claimant's average weekly wage when the amount was clearly in controversy. At the hearing, claimant asserted a minor discrepancy between his base average weekly wage of $145.36 and the $145.20 amount accepted by the employer/carrier. In addition, claimant asserted that he was entitled to have the value of retirement benefits paid by the employer included in his average weekly wage, as well as the value of uniforms and laundry service provided. While the employer/carrier concedes that $145.36 is the correct base amount, it contests the inclusion of the other benefits, arguing that the retirement contributions have no present day value and that no evidence was presented establishing the value of the uniform allowance.
We agree with the claimant that because his retirement benefits had vested he was entitled to have the value of those contributions considered in determining his average weekly wage. Reese v. Sewell Hardware Co., 407 So.2d 965, 6 F.L.W. 2557 (Fla. 1st DCA, Case No. AB-71, Dec. 9, 1981); Sunland v. Thomas, IRC Order 2-3917 (1979), cert. denied, 389 So.2d 1113 (Fla. 1980). However, the employer/carrier correctly states that no evidence of the value of the uniform service was presented to the deputy commissioner other than claimant's testimony that he was in fact provided a clean uniform every few days. The deputy commissioner should have determined the claimant's average weekly wage, including a value for the retirement contributions, but the record does not compel an increase in the amount of average weekly wage based on uniforms provided, absent any indication of value.
Claimant also argues that the deputy commissioner failed to rule on his claim for temporary partial and/or temporary total disability benefits. Again, this claim was properly presented to the deputy commissioner, but according to the employer/carrier the order sufficiently disposes of the issue. The decretal portion of the order does not refer to the claim for temporary benefits, but simply states that the claim for additional benefits is denied. There was evidence presented in support of the contention that claimant was terminated from his employment because his injury made him unable to perform his duties. In addition, the record reflects a time lapse between the date of termination and the date that he reached maximum medical improvement. Because of the omission of any findings on the issue we are unable to determine whether the order rejects such evidence or whether the deputy overlooked an issue before him. Therefore, on remand the deputy commissioner should expressly dispose *1329 of the claim for temporary disability benefits.[2]
Claimant's third argument involving the alleged failure of the deputy commissioner to adjudicate an issue before him involves a claim for compensation for medical travel.[3] The claimant did include medical travel in the claim, but we find no record evidence on the point. The order therefore correctly awards no relief on that aspect of the claim and is affirmed as a rejection of the claim.[4]
Finally, we note that the deputy commissioner denied the claim for attorney's fees even though he ordered the employer/carrier to reimburse claimant for a $20.00 hospital bill, the liability for which was clearly controverted. Although a rejection of attorney's fees based on such a minimal amount might not be an abuse of discretion, the deputy commissioner may wish on remand to reconsider the claim in light of the directions in this opinion. The other points raised by appellant are without merit.
Accordingly, the order is affirmed in part and reversed in part and remanded for such further considerations and proceedings based upon the existing record as are consistent with this opinion.
MILLS and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
WENTWORTH, Judge.
Motion for rehearing is denied. The award of scheduled benefits is affirmed because the evidence permits a conclusion that only an arm impairment resulted from claimant's shoulder injury. § 440.15(3), Florida Statutes.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] The deputy commissioner has a duty to adjudicate issues which are properly presented and ripe for adjudication. Dunn Lumber & Supply Co. v. Roy, 382 So.2d 51 (Fla. 1st DCA 1980).
[2] Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla. 1977).
[3] § 440.13, Florida Statutes.
[4] See Green Thumb v. Britten, 393 So.2d 613 (Fla. 1st DCA 1981).