MILLS, Judge.
Smith suffered an on-the-job injury on 3 January 1981. The deputy commissioner found that as a result of the accident Smith was temporarily totally disabled from 7 May 1981 to 27 August 1981 and from 24 September 1981 to 9 December 1981. The employer/carrier (E/C), using an average weekly wage (AWW) of $220, paid temporary total disability (TTD) benefits to Smith during this period at a rate of $146.66 per week. However, the parties later stipulated that the proper AWW was $291.68.
During the period of disability, the employer paid Smith $35 per week. The deputy commissioner found that this $35 was a “charitable donation and therefore was not monies paid in lieu of compensation.” Smith also received from the employer $38.26 per week in group health insurance premiums and pension contributions during the period of his disability. Based on the stipulated AWW of $291.68, the deputy commissioner found that the proper compensation rate was $194.55, and awarded an additional $47.89 per week in benefits to Smith plus interest, penalties, costs, and attorney’s fees.
The Legislature recently enacted Section 440.14(3), Florida Statutes (Supp.1982), effective 1 May 1982. The E/C argues that this statute should be applied in this case. As a result, it is argued, the monies paid by the employer during Smith’s disability should be taken into account when computing the AWW. We cannot agree.
The substantive rights of the parties in a workers’ compensation case must be determined by the law in effect on the date of the accident. Ship Shape v. Taylor, 397 So.2d 1199 (Fla. 1st DCA 1981). Therefore, Section 440.14(3), Florida Statutes (Supp.1982), cannot be applied to this accident which occurred before the effective date of the statute.
Under the law in effect at the time of the accident, it is clear that the E/C cannot be allowed a credit for the pension contributions and group health insurance premiums paid during the period of disability. Reese v. Sewell Hardware Co., Inc., 407 So.2d 965 (Fla. 1st DCA 1982). Likewise, *254 there can be no offset for gratuities paid by the employer during the period of disability, and there was competent substantial evidence to show that the $35 per week was in fact a gratuity. Santiago v. Orr Industries, Inc., 407 So.2d 1026 (Fla. 1st DCA 1981).
AFFIRMED.
JOANOS and THOMPSON, JJ., concur.