507 So.2d 135 (1987)
Richard L. McMEANS, Appellant,
v.
F.E. BOOKER COMPANY and ADJUSTO, INC., Appellee.
No. BM-440.
District Court of Appeal of Florida, First District.
April 29, 1987.
Rehearing Denied June 3, 1987.
*136 James F. McKenzie, of McKenzie & Associates, Pensacola, for appellant.
James N. McConnaughhay and David A. McCranie, of Karl, McConnaughhay, Roland, Maida & Beal, Tallahassee, for appellee.
NIMMONS, Judge.
The claimant appeals from an order of the deputy commissioner awarding wage loss and other benefits. We affirm.
Appellant/claimant was injured in a compensable accident on March 19, 1984. He was treated and released to light-duty work, and was eventually laid off due to a reduction in the work force in December, 1984. In July of 1985 he filed a claim requesting alternatively permanent total disability, wage loss, temporary total disability, or temporary partial disability benefits, attorney's fees and costs. Subsequent to a hearing thereon, the deputy commissioner entered an order on March 31, 1986 finding claimant to be permanently impaired and awarding him wage loss benefits for the period between January 1985 and August 1985. The order failed to mention the claim for permanent total disability benefits. On appeal, claimant avers that the deputy erred in failing to award PTD benefits and in failing to rule at all upon the claim for such benefits.
Where evidence is presented on an issue properly before the deputy commissioner, the final order must reflect, at a minimum, that the deputy is aware of the claim and rejects it. Buckhalter v. University of Florida, 411 So.2d 1327 (Fla. 1st DCA 1982). As in Buckhalter, we cannot tell from the record before us whether the deputy was even aware that a claim for PTD was before him. Appellee contends that the granting of wage loss benefits necessarily constitutes a denial of a claim for PTD for the same period, which supplants the need for an explicit ruling on the PTD claim. We disagree with that contention in a case such as this where it is impossible to tell from the record that the deputy was aware of the PTD claim.
We nevertheless affirm since our review of the record reveals an absence of competent substantial evidence to support an award of PTD. A remand based upon the order's failure to make a finding on the PTD claim would therefore be futile.
AFFIRMED.
BOOTH, C.J., and JOANOS, J., concur.