WENTWORTH, Judge.
Appellants, the employer/carrier, seek review of a workers’ compensation order by which they were ordered to pay wage loss benefits to appellee. Appellants contend the deputy commissioner erred in failing to rule on appellee’s claim for permanent total disability benefits. Appellee cross-appeals, contending the deputy commissioner erred in denying permanent total disability benefits. We find no merit in either contention and therefore affirm.
Appellee on December 4, 1981 suffered a compensable back injury while moving a scaffold for his employer, appellant Aquarius Condominium Association. Appellee underwent a thoracolumbar laminectomy, and reached maximum medical improvement on April 4,1983. The authorized treating physician advised appellee to avoid lifting over 15 pounds or carrying over ten pounds, and placed limitations on other activities. He filed a claim for benefits on April 22, 1983.
Appellee began a job search one and one half years after the injury and contacted over 170 places of employment from May 1983 through January 1986 without success. At the March 3, 1986 hearing the only issue to be determined was appellee’s entitlement to wage loss benefits for the period of September through December 1985, and January 1986, or in the alternative, permanent total disability benefits from the date of maximum medical improvement. In a May 13, 1986 order, the deputy commissioner found that appellee suffered a residual impairment of 60% of the lower left extremity and 20% of the body as a whole. The deputy commissioner awarded wage loss benefits from September through November 1985, denied wage loss benefits for the month of December 1985, and found the claim for wage loss benefits for January 1986 moot as appellants had paid wage loss for that month. As to appellee’s claim for permanent total disability benefits, the deputy commissioner stated in the body of the order that “while the claimant has demonstrated a substantial loss of wage earning capacity, there is a probability that with appropriate training or education, the claimant may be rehabilitated to the extent that he can achieve suitable gainful employment and for that reason, I rule the claimant not to be permanently and totally disabled at this time.” Although the deputy commissioner found appellant not to be permanently and totally disabled, he did not, in the decretal portion of the order, expressly deny permanent total disability benefits.
We distinguish this case from McMeans v. F.E. Booker Co. & Adjusto Inc., 507 So.2d 135 (Fla. 1st DCA 1987). In McMeans the claimant filed a claim for permanent total disability, wage loss, temporary total disability or temporary partial disability benefits. In the final order, the deputy commissioner awarded wage loss benefits, but failed to mention the claim for permanent total disability benefits. This court found that where evidence is presented on an issue before the deputy commissioner, the final order should reflect that the deputy is aware of the claim and intends to deny it. While the award of wage loss may arguably show an intention to deny inconsistent benefits, the order in McMeans did not, according to the opinion, reflect by recitation of the claim or otherwise that the deputy was aware that a claim for permanent total disability benefits was before him. However, the court affirmed because of the absence of competent substantial evidence in the record to support an award of permanent total disability benefits. In this case, both the record and the order reflect that the deputy commissioner was aware of the claim for permanent total disability benefits and that he rejected it.
As to appellee’s cross-appeal, neither the medical evidence nor that as to character of job search compels a conclusion of permanent total disability under the statutory standards. Section 440.15(1), Florida Statutes (1982 Supp.).
The order is affirmed.
MILLS and BARFIELD, JJ., concur.