PER CURIAM.
The employer and carrier in this workers' compensation case appeal an order of the judge of compensation claims finding that the accident arose out of the course and scope of employment, awarding temporary total disability benefits, and awarding payment of physicians’ bills.
There is competent, substantial evidence to support the finding that the injury occurred while claimant was in a position unique to her employment and was not the result of an idiopathic condition. The award of temporary total disability benefits from July 24, 1989 through September 26, 1989, is also supported by competent, substantial evidence. The argument of the employer and carrier that the judge erred in awarding “future” temporary total and temporary partial benefits “if [the claimant] receives the further treatments which were testified to that she needs,” because the order improperly fails to take into consideration the claimant’s capacity to work and fails to designate when temporary total benefits should be payable and when temporary partial benefits should be payable, is without merit. The contested language is surplusage and awards no benefits.
The employer and carrier correctly contend, however, that reversal is necessary with regard to payment of Dr. Wallace’s bills. The employer and carrier raised the defense of failure to comply with the billing and reporting requirements of section 440.13, Florida Statutes (1988), in the pre-trial stipulation and at the hearing. The judge did not include failure to comply with section 440.13 among the defenses listed in the order and did not specifically address this matter. Claimant argues that the portion of the order finding “that because of the position the Employer/Carrier took, that whatever medical treatment the claimant sought from her various physicians, medical providers and hospitals was reasonable and necessary to treat her work related condition,” was an excusal of noncompliance with the statute. We disagree with that contention in this case. This *2 finding appears to be directed to the contention that the physicians were unauthorized, a defense raised by the employer and carrier which was noted by the judge in his order. It is unclear if the judge rejected the defense of failure to comply with the reporting requirements of section 440.13, Florida Statutes. See, e.g., Kaplan Industries, Inc. v. Rowlett, 565 So.2d 404 (Fla. 1st DCA 1990); McMeans v. F.E. Booker Co., 507 So.2d 135 (Fla. 1st DCA 1987).
The order appealed is REVERSED as to the payment of Dr. Wallace's medical bills. On remand the judge should address the pending issue of compliance with section 440.13, Florida Statutes (1988). The order is otherwise AFFIRMED and the cause REMANDED.
BOOTH, BARFIELD, and MINER, JJ., concur.