ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We deny appellees’ motion for rehearing. We grant appellees’ motion only for the purpose of clarifying our prior opinion. We hereby withdraw our prior opinion issued in this ease and substitute the following therefor.
Claimant, Esteban Fernandez, appeals the order of the judge of compensation claims (JCC) denying his claim for worker’s compensation benefits. Claimant raises four issues: (1) whether there exists competent, substantial evidence to support the JCC’s determination of the date of maximum medical improvement (MMI); (2) whether the JCC erred in denying the claim for wage loss benefits; (3) whether the JCC erred in denying the claim for medical benefits; and (4) whether the JCC erred in failing to state any factual findings to support his denial of interest and penalties for benefits paid pursuant to a stipulation approved by the JCC on December 19, 1990. We find the first three issues to be without merit and, as to them, affirm without further comment. As to the fourth issue, we reverse and remand.
*239 The parties stipulated that claimant was employed as an assembler of picture frames by appellee Delta Picture Frame Company. On April 19,1985, claimant departed from his usual duties and assisted the employer in unloading wood from a truck. In so doing, claimant felt a pain in his back, hip and left leg. Claimant was paid temporary total disability benefits from April 20, 1985, through December 13, 1985, based on an average weekly wage of $135.40 and a compensation rate of $90.30. Claimant was paid temporary partial disability benefits from December 14, 1985 through January 10, 1986. The claimant did, in fact, return to part-time duties on August 26, 1985, and to full-time duties on February 6, 1986. The parties further stipulated that claimant was to receive TTD benefits from April 20, 1985, through August 26, 1985, when claimant returned to work part-time. Claimant was also to receive TPD benefits from August 26, 1985 to February 6, 1986, when claimant returned to full-time work. In addition, the parties agreed that the claimant’s average weekly wage should be adjusted to $162.63 and the compensation rate should be $108.43. Both the claimant and the employer agreed that upon his return to work claimant was never again required to do any heavy lifting. Claimant continued to work until he was laid off on September 6, 1990.
Claimant filed a general claim for benefits on March 29, 1989. One of the issues listed in the pretrial stipulation of July 19, 1991, was a claim for interest and penalties on the adjusted rate and periods of compensation as noted above. Evidence pertinent to this issue was taken in the form of the testimony of claims adjuster Anne Brown, who stated that interest of $115.77 and penalties of $263.34 had already been paid pursuant to the stipulation. More importantly, her testimony showed that a portion of the adjusted compensation benefits due claimant for the period April 1985 through February 1986 was not paid until some time after the stipulation was approved by the JCC on December 19, 1990. At hearing, counsel for claimant argued that such interest payments were insufficient in light of case law requiring minimum payments of $5.00 per week.
On motion for clarification, the e/c incorrectly assert that their maximum liability pursuant to Section 440.20(9), Florida Statutes, would be $5.00 for each of the 43 weeks of adjusted compensation benefits paid for the period April 20, 1985 through February 6, 1986. Actually, the interest payments provided for by Section 440.20(9), Florida Statutes (1991), would begin to accrue at the time the adjusted benefits became due, that is, during the period April 20, 1985 through February 6, 1986, and would continue to accrue through the date of satisfaction, which, at least in part, occurred some time after December 1990, when the JCC approved the parties’ stipulation. See Watkins v. Resources Property Management, 596 So.2d 763 (Fla. 1st DCA 1992).
The JCC’s order is not silent on the issue of interest- and penalties, but rejects the claim in rather cursory fashion. Where evidence is presented on an issue properly before the JCC, the final order must reflect, at a minimum, that the JCC is aware of the claim and rejects it. Woods v. St. Anthony’s Hospital, 586 So.2d 415, 418 (Fla. 1st DCA 1991) (citing McMeans v. F.E. Booker Co., 507 So.2d 135 (Fla. 1st DCA 1987)). In the present case, we find the JCC’s denial of penalties and interest in “boilerplate” language insufficient to demonstrate proper consideration of the issue. The record does not clearly reflect that the interest payment of $115.77 was sufficient to satisfy the e/c’s obligation under Section 440.20(9), Florida Statutes, nor does the JCC’s order reflect due consideration of this issue and an adequate basis for the denial of the claim for statutory penalties and interest. Accordingly, this casé is remanded for further consideration of claimant’s claim for statutory penalties and interest and issuance of an order consistent with this opinion.
AFFIRMED in part, REVERSED and REMANDED in part.
MINER, WEBSTER and MICKLE, JJ., concur.