ERVIN, Judge.
Appellant, Mitchell Dash, appeals a final order of the judge of compensation claims (JCC), denying his claims for sanctions, for provision of organic food and bottled water, and for authorization of Dr. William J. Rea. We affirm the denial of sanctions without comment. We also affirm the denial of organic food and water, but reverse the denial of authorization of Dr. Rea, because the former is barred by res judicata, while the latter is not.
We affirm the JCC’s conclusion that claimant’s request for organic food and bottled water were barred by res judicata, because Dash showed no change in circumstances that would justify modifying the washout settlement agreement wherein Dash had agreed that he would be responsible for these items.
*983 Res judicata did not bar the request for authorization of Dr. Rea, however. In the earlier proceeding, the JCC held that Dash had abandoned his request for authorization of Dr. Rea, because claimant’s treating physician, Dr. Seinfeld, wanted to perform additional tests before deciding whether to refer Dash to Dr. Rea. Accordingly, such request was not ripe, thus it was not barred from consideration in the instant proceeding. Green Thumb Corp. v. Britten, 393 So.2d 613 (Fla. 1st DCA 1981) (res judicata bars consideration of an adjudicated claim, but not one that was withdrawn). Although claimant’s medical condition has not changed, the • circumstances have, in that Dr. Seinfeld performed four of the five authorized tests and now recommends that Dash be evaluated by Dr. Rea.
We reverse on this point and remand with directions to the JCC to determine whether to grant Dash’s claim for authorization of evaluation and treatment by Dr. Rea.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further consistent proceedings.
BOOTH and BENTON, JJ., concur.