993 So.2d 101 (2008)
Randall WILDER, Appellant,
v.
CITY OF MIAMI BEACH & Johns Eastern Co., Inc., Appellees.
No. 1D07-4426.
District Court of Appeal of Florida, First District.
October 17, 2008.
Mark L. Zientz of Law Officers of Mark L. Zientz, P.A., Miami, for Appellant.
Laverne M. Largie and Kimberly J. Fernandes of Kelley, Kronenberg, Gilmartin, Fichtel & Wander, Miami Lakes, for Appellees.
KAHN, J.
Claimant, formerly a firefighter for the City of Miami Beach, sought supplemental wage loss benefits for an impairment rating over 20 percent or, alternatively, permanent total disability benefits beginning March 10, 1995, and continuing. The Judge of Compensation Claims (JCC) denied supplemental benefits, finding claimant was not earning less than 80 percent of his average weekly wage, owing to his receipt of pension benefits. The JCC also *102 determined the appropriate date for maximum medical improvement would be December 9, 1999. We affirm in part and reverse in part.
With regard to the date of maximum medical improvement, appellant urges the December 9, 1999, date would not be supported by competent substantial evidence, because the JCC utilized the phrase "overall MMI," and, in fact, no issue of MMI, other than from a compensable heart condition, was at issue. We see no reason to quibble with the language utilized by the JCC, because competent substantial evidence supports the December 9, 1999, date.
Concerning claimant's entitlement to supplemental benefits pursuant to section 440.15(3)(b)1., Florida Statutes (Supp. 1994), however, we reverse. That statute provides that a claimant is entitled to supplemental benefits for an impairment rating of at least 20 percent if claimant "has not returned to work or has returned to work earning less than 80 percent of the employee's average weekly wage," and if claimant has in good faith attempted to obtain employment commensurate with claimant's ability to work. For several reasons, the post-injury pension should not be included in a computation of earnings for purposes of the supplemental benefit.
The phrase "has returned to work" implies that earnings, for the purpose of determining supplemental benefits, do not include money collected while not working, such as a pension or, for that matter, investment earnings. Without dispute, appellant has not "returned to work." Further, the post-injury pension does not meet our common understanding of wages or earnings. Although chapter 440, Florida Statutes, does not define earnings, the statutory definition of wages, found in section 440.02(24), Florida Statutes (Supp. 1994), is "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the injury." The plain meaning of this definition includes only compensation paid by the employer while the employee is currently employed, not money drawn later from a pool previously funded by the employer, such as a pension.
As appellees note, our caselaw instructs that monies paid by an employer toward funding an employee pension are included in the calculation of average weekly wages. See, e.g., Hillsborough County Sch. Bd. v. Fliter, 539 So.2d 1145 (Fla. 1st DCA 1989); Reese v. Sewell Hardware Co., Inc., 407 So.2d 965 (Fla. 1st DCA 1981). Although relied upon here by appellee, these cases do not, by analogy or extension, support the view advanced by appellees in the present case. They merely show that, under the statute applicable in those cases, benefits such as employer contributions to a pension should be included in the calculation of average weekly wages. This does not speak to the JCC's conclusion here that pension payments after a disability are tantamount to wages. We thus conclude that, for the purpose of calculating wages post injury, money drawn out of a pension fund would not be included. This comports both with the statutory scheme, and with logic. Pension benefits, whenever drawn by an employee, were, in truth, earned during the employee's working years, as is the case here.
We AFFIRM the JCC's determination that no additional PTD benefits are due, and REVERSE the JCC's decision to deny supplemental benefits based upon claimant's receipt of a pension after his injury.
VAN NORTWICK and PADOVANO, JJ., concur.