384 So.2d 745 (1980)
SUNLAND TRAINING CENTER and Division of Risk Management, Appellants,
v.
Barbara IRVING, Appellee.
No. PP-321.
District Court of Appeal of Florida, First District.
June 13, 1980.
Anthony J. Salzman of Jones & Langdon, P.A., Gainesville, for appellants.
Thomas W. Davis of Barton & Cox, Gainesville, for appellee.
PER CURIAM.
Claimant, at the time of her industrial injury, was receiving wages of $153.86 a week with the State of Florida contributing an amount equal to approximately 9% of her wages into a retirement fund. The *746 deputy commissioner combined weekly wages and the amount contributed by the State into the fund and arrived at an average weekly wage of $167.20.
The sole issue on appeal is whether the deputy erred in computing claimant's average weekly wage. The Florida Industrial Relations Commission was called upon to resolve the identical issue in Sunland Training Center v. Thomas, IRC Order 2-3917 (Sept. 19, 1979). The Commission concluded that "[a]ny contributions made by the State toward claimant's retirement could be regarded as compensation only if they had a real present-day value to claimant, that is, either he was free to withdraw funds at will or that vesting was assured." The claimant meets neither of these contingencies. The order below is accordingly reversed and the deputy commissioner is directed to calculate claimant's benefits based upon an average weekly wage of $153.86.
Reversed and remanded for the entry of an order consistent with this opinion.
McCORD, BOOTH and SHAW, JJ., concur.