SHAW, Judge.
The claimant, a 43-year-old custodian with the Alachua County School Board, sustained a compensable injury on September 24, 1976, while attempting to move a piano. He underwent two efforts at epidural nerve blocks and two surgeries in September of 1977 and June of 1978. Subsequent to the second surgery he was assigned a maximum medical improvement date of February 8, 1979 which was later changed to coincide with a June 18, 1979 myelogram. Dr: Cauthen admitted in response to cross-examination that the June 18th myelogram was performed solely for the purpose of ruling out the possibility of recurrent disc hernia. The myelogram did, in fact, rule out this possibility. It appears therefore that the record supports the depu *1245 ty’s finding that the true date of maximum medical improvement was February 8,1979. The order is accordingly affirmed as to the issues presented in Points 1 and 2.
The deputy found that the claimant failed to demonstrate a wage earning capacity loss in excess of a 10% anatomical disability. This finding is not supported by competent substantial evidence. The claimant has a work history of heavy labor with no experience or training in inside office-type jobs. As a result of his industrial injury, he has undergone two epidural nerve blocks and surgeries, is permanently restricted from lifting weights in excess of 40 pounds, experiences pain in lifting weights in excess of 20 pounds and on torsional movements. According to the claimant he feels the need to lie down several times daily, he can walk only two or three blocks without something to lean on after-wards, he is unable to sweep because the twisting motion hurts his back and if he sits or stands for 25 or 30 minutes he has back pain and his legs hurt. He takes muscle relaxants and nerve pills and, when traveling for any appreciable distance, he must wear a back brace. There is nothing in the record or the deputy’s order to indicate that this testimony lacked credibility.
After obtaining MMI the record reflects that the claimant submitted applications and made inquiries at numerous named businesses for jobs within his limitations. He sought employment through newspaper ads and filled out an application with the Florida State Employment Service. His efforts to find employment continued up to the time of the hearing. It is the opinion of this court that such a work search meets the requirements of Exxon v. Alexis, 370 So.2d 1128, (Fla.1978).
The order is accordingly reversed as to Points 3, 4 and 5, and the cause is remanded with directions that the deputy reconsider his order in light of the factors enumerated in Walker v. Electronic Products & Engineering Company, 248 So.2d 161 (Fla.1971).
As to the issue on cross-appeal, the order is reversed. The deputy erred in computing the claimant’s average weekly wage by including retirement benefits which had not vested. Sunland Training Center v. Irving, 384 So.2d 745 (Fla. 1st DCA 1980).
The cause is remanded to the deputy with directions that he reconsider his order in light of this opinion.
BOOTH, J., concurs.
ROBERT P. SMITH, Jr., J., concurs in part, dissents in part with opinion.