WENTWORTH, Judge.
Claimant appeals a workers’ compensation order wherein 15% permanent partial disability benefits were awarded. We affirm the denial of further benefits for wage earning capacity loss based on concurrent employments.
Claimant sustained injury to his low back while employed as a cement finisher. During the 13 weeks prior to his industrial injury claimant worked for seven weeks, one or two days per week, with earnings of $882.80. Claimant also had concurrent employment as a music teacher, averaging $20 per week, and as a musician working only periodically at $40 per night. In the nine-month period subsequent to his injury claimant earned $220 per week as a musician, and later earned $50 per night as a musician working one or two nights per week, and in excess of $70 per week as a music teacher. After terminating his employment as a full-time musician claimant worked as a cab driver at $30 per day, but drove a cab only occasionally, once or twice a week when he could “get one,” as “work is slow.” Claimant has also done occasional work for his uncle as a cement finisher.
Claimant’s initial treating physician opined that maximum medical improvement (MMI) was attained in January of 1979, with a 15% anatomic impairment as a result *200 of the industrial injury. Another physician opined that MMI was attained in December of 1980, with a 12% anatomic impairment, only 6% of which was due to the industrial injury. Claimant is 6'4" tall and at the time of his injury weighed in excess of 300 pounds. He subsequently went on a weight reduction program and lost in excess of 60 pounds; however, claimant has since regained 15 pounds. While claimant suggested that he might undergo a myelogram and consider surgery if he reduced his weight to 200 pounds, he nevertheless indicated to his treating physician a strong disinclination toward any such testing or surgery. Claimant is a 44-year old male with an eighth grade education.
The deputy awarded 15% permanent partial disability benefits, finding that claimant attained MMI in January 1979, and that claimant’s wage earning capacity had not been diminished by more than 15%.
Claimant contends the deputy erred: (1) by failing to award benefits for loss of wage earning capacity; (2) by denying temporary partial disability benefits between March 1978 and January 1979; and (3) by finding MMI in January of 1979.
In finding an average weekly wage of $126 at the time of claimant’s injury, the deputy did not consider claimant’s concurrent earnings. Such earnings should have been considered unless obtained in employment outside the operation of the workers’ compensation act. See American Uniform and Rental Service v. Trainer, 262 So.2d 193 (Fla.1972). Claimant’s pre-injury concurrent earnings were as a music teacher and a musician, and may have been attained as an independent contractor and thus properly disregarded by the deputy. American Uniform; § 440.02(2)(d)1. But claimant does not now contend that such earnings should have been considered by the deputy; rather, claimant contends that his post-injury concurrent earnings should be disregarded. This contention is not in accordance with American Uniform.
Even considering claimant’s pre-injury concurrent earnings as a music teacher ($20 per week) and musician ($40 per night “periodically”), claimant’s post-injury earnings still exceed his pre-injury earnings. After his injury claimant earned $220 per week as a musician for almost a year, and at the time of the final hearing claimant was earning, as the deputy found, $50 per week as a musician, $70-90 per week as a music teacher, and $60 per week as a cab driver.
While post-injury earnings are not dispositive of the issue, they are a strong indicator regarding diminution of wage earning capacity. See Walker v. Electronic Products & Engineering Co., 248 So.2d 161 (Fla.1971). The deputy’s order in the present case indicates that in addition to a comparison of claimant’s earnings the deputy also considered various other criteria enunciated in Walker: claimant’s age, education, job history, current ability to work, and lack of physical restrictions. The deputy has not placed undue emphasis on claimant’s post-injury earnings.
Between March of 1978 and January of 1979, claimant’s earnings greatly exceeded his pre-injury wages. While temporary disability benefits may not rest solely on a comparison between pre-injury and post-injury wages, Alliance Nursing Center v. Angerer, IRC Order 2-3574 (Oct. 20, 1978), consideration of the relevant diminution of wage earning capacity criteria, supra, indicates that claimant sustained no wage earning capacity loss during this time when he was earning $220 per week as a musician.
While obesity treatment may postpone a determination of MMI in an appropriate case, in the present case claimant had already expressed a strong disinclination toward any surgery or myelogram, and it could reasonably be concluded that this disinclination would remain even were the obesity treatment itself successful. We note also that there was no testimony indicating that claimant’s obesity precluded surgery.
The testimony of claimant’s initial treating physician supports the deputy’s finding as to MMI in January of 1979. While there was contrary testimony, the deputy was entitled to accept the opinion of the treat *201 ing physician. Crowell v. Messana, 180 So.2d 329 (Fla.1965).
The order is accordingly affirmed.
MILLS and THOMPSON, JJ., concur.