413 So.2d 1280 (1982)
CITY OF TAMPA, Appellant,
v.
David A. BARTLEY, Appellee.
No. AF-55.
District Court of Appeal of Florida, First District.
May 18, 1982.
*1281 Joseph G. Spicola, Jr., and Stephen M. Barbas, Asst. City Attys., Tampa, for appellant.
Bruce A. Campbell, Melendi & Campbell, Tampa, for appellee.
LARRY G. SMITH, Judge.
The City of Tampa appeals a worker's compensation award on the grounds (1) the deputy commissioner erred in including certain employer's pension contributions in computation of claimant's average weekly wage, (2) and erred in his finding of a 45% disability based upon loss of wage earning capacity. We affirm in part, and reverse in part.
In computing the claimant's average weekly wage, the deputy commissioner included the sum of $126.00 paid weekly by the City of Tampa, for the benefit of the claimant, pursuant to the terms and provisions of the City of Tampa Firefighters and Police Officers Pension Contract. Under Subsection 7(b) of the agreement, the employee is entitled to receive a disability benefit upon the occurrence of an injury which physically or mentally permanently incapacitates him from performing continuously the regular duties of a police officer. The injuries sustained by the claimant in his line of duty accident were such that he became entitled to benefits under this provision. We agree with the deputy commissioner's conclusion that under this provision the claimant received a vested interest, a tangible benefit of real present-day value by virtue of the employer's contributions for this purpose.
However, the weekly contribution of $126.00 also provides the funding for a longevity retirement benefit, for employees reaching the age of forty-six years with at least twenty years service with the Department (Subsection 7(a) of the agreement), and disability benefits for any nonservice connected injury, disease or disability, provided the employee has served at least ten years with the Department (Subsection 7(c) of the agreement). We agree with the appellant's contention that these latter benefits, the longevity retirement benefit and the nonservice connected injury, disease or disability benefits, are not "vested," and therefore do not meet the test of "tangible benefit of a real present-day value," under State, Dept. of Health & Rehab. Services v. Ryan, 381 So.2d 269 (Fla.App. 1980). We reject appellee's contention that the recent cases, Florida Sheriffs Ass'n v. Dept. of Admin., 408 So.2d 1033 (Fla. 1981), and City of Tallahassee v. Pub. Emp. Rel. Com., 410 So.2d 487 (Fla. 1981), call for a different result.
That portion of the pension contributions which provide for claimant's line of duty disability benefits would be includable in computation of average weekly wage in the same manner as premiums paid by the employer for an employee's group health or accident insurance coverage. See Jess Parrish Memorial Hospital v. Ansell, 390 So.2d 1201 (Fla. 1st DCA 1980); Agrico Chemical Company v. Laws, 384 So.2d 722 (Fla. 1st DCA 1980). Therefore, on remand, the deputy commissioner must determine what portion of the $126.00 weekly benefit is allocable to this category of disability benefits.
We affirm the deputy commissioner's findings and conclusions with respect to the claimant's wage earning capacity loss except, however, to the extent that a recalculation of the claimant's average weekly wage may affect the percentage of his wage earning capacity disability. We conclude that the rationale utilized by the deputy *1282 commissioner in determining claimant's disability is sufficiently clear to enable judicial review. The evidence of claimant's work search was adequate to support the findings of the deputy commissioner despite the fact, as the deputy commissioner recognized, the claimant has been somewhat "picky" about the jobs he has sought. The credibility and sufficiency of evidence to establish a good faith work search is a factual matter to be determined by the deputy. Pearson v. City of Miami Beach, 399 So.2d 1135, 1136 (Fla. 1st DCA 1981). We conclude also that it was proper for the deputy commissioner to consider claimant's post-injury earnings in his determination of wage earning capacity. Kemp v. Miami Quality Concrete Co. Inc., 410 So.2d 199 (Fla. 1st DCA 1982).
Reversed and remanded for further proceedings consistent with this opinion.
MILLS and SHAW, JJ., concur.