MILLS, Judge.
The employer/carrier appeal from the deputy commissioner’s order in this workers’ compensation case awarding Pence medical expenses and an attorney’s fee. The employer/carrier contend the deputy erred in making the awards because his medical expense award was not supported by competent substantial evidence. We agree and reverse.
Pence was a store manager employed by McCrory’s Stores. On 2 June 1982, a cleaning crew came in after store hours to clean the floors. Pence assisted by moving some boxes off the floor onto the counters. This activity involved some bending and stooping. Pence spent that night in the store on a couch. The next morning, his *160 back was stiff and he experienced difficulty in straightening up. He could remember no accident, no pain, no unusual incident.
Pence continued to work until sometime in July 1982. It does not appear from the record why he stopped at that time. In August 1982, Pence was at home in his kitchen when he twisted and thereafter felt severe pain in his left leg. He was taken to the hospital by ambulance and surgery was performed for a herniated disc.
On each of the several group insurance forms prepared by Pence in July, August, and September, he failed to mention any work related incident and marked on the form that he had not sustained any accidents.
Pence went back to work on 1 December 1982 and continued to work until April 1983. On 13 April 1983, he filed a notice of injury report with the employer. He filed his claim for benefits on 14 June 1983, requesting medical expenses, attorney’s fees, and TTD benefits from 15 July 1982 to 1 December 1982.
The claimant testified at the hearing that he had had minor back problems for about ten years. He also testified that in May 1982 he injured his back while working on a lawnmower at home. He further testified that he did not report the accident to his employer until April 1983 because he did not realize that such accidents could be compensable.
About six weeks following the alleged accident at work, Pence first saw Dr. Matthews. He did not tell him of the incident at work, but did tell him of the incident with the lawnmower. At his deposition, Dr. Matthews was asked whether, in spite of the fact that he initially attributed Pence’s condition to the lawnmower incident, the back condition was related to the incident of 2 June 1982. His response was as follows:
I think that it’s been well established that repetitive bending, leaning, lifting and twisting at the same time, cause tremendous interdiscal pressures in the low back. This is documented. If indeed he had done excessive or unusual bending, lifting and twisting repetitively at the same time, and this was followed by sciatica and numbness, I would have to say that would be a competent cause for a bulging disc or a herniated disc.
The deputy entered an order finding that Pence suffered an injury by accident arising out of and in the course of his employment on 2 June 1982. Although he found that Pence was temporarily totally disabled from 2 June 1982 through 1 December 1982, he did not award TTD benefits because Pence was paid his regular salary or long-term disability benefits during that period. He did, however, order the E/C to pay all medical expenses related to the treatment of Pence’s back condition. He also found that Pence’s lawyer was entitled to a reasonable attorney’s fee. Jurisdiction was reserved to determine the amount.
Pence never gave Dr. Matthews a history of an industrial accident. Instead, he told the doctor that he injured himself while stooping over to work on his lawnmower at home. Dr. Matthews attributed Pence’s ruptured disc to the lawnmower incident of May 1982.
There was no evidence to support the deputy commissioner’s finding that Pence suffered an “accident” on 2 June 1982. Although Pence indicated he had done some lifting prior to going to sleep on the couch, he did not experience even a sore muscle as a result of that lifting. Where there is no sudden event or result, there has not been ah “accident” on which compensability may be based. Seminole Transport Lines, Inc. v. Gotto, 8 FCR 200 (1973). Pence testified that he did not believe he had suffered an accident at the time. Moreover, Pence admitted that he had had minor back trouble for the past ten years.
REVERSED.
SHIVERS and WIGGINTON, JJ., concur.