JOANOS, Judge.
Having considered the appellant claimant’s motion for clarification or rehearing, we grant the motion in part and withdraw the decision and opinion filed March 13, 1984, substituting the following decision and opinion in lieu thereof.
The primary issue in this workers’ compensation appeal is whether the deputy commissioner erred in failing to include employer contributions to claimant’s retire *1089 ment program in her average weekly wage where the retirement benefits were vested. Resolution of the matter involves determination of a question of law as to whether section 440.14(3) (effective May, 1982) applies to retirement benefits and, if so, whether under the circumstances of this case the deputy correctly determined that employer continues to provide these benefits.
The 62 year old claimant was injured when she slipped and fell at work and as of the entry of the order appealed she was still temporarily totally disabled. She had been working for employer for more than 15 years and it is undisputed that her retirement benefits had vested. After the work related accident, employer made no actual contributions to claimant’s retirement account. The deputy determined that section 440.14(3) applies to retirement benefits, and that because claimant continues to be eligible to receive retirement credits for the full period of time during which workers’ compensation payments are received pursuant to Fla.Admin.Code Rule 22B2.12,[1] she has lost no benefits as a result of her temporary total disability.
Claimant argues, based on the difference in language used in sections 440.02(12), Fla. Stat. (1981) (defining wages) and 440.14(3), that retirement benefits are not intended to be encompassed in section 440.14(3). In addition, she contends her continuing eligibility for retirement credit under Rule 22B2.12, should she return to work, does not amount to continued provision of the benefit by the employer.
Wages are defined in section 440.-02(12) to include “the reasonable value of board, rent, housing, lodging, or similar advantage received from the employer .... ” For purposes of determining average weekly wage, wages have been construed to include vested pension or retirement benefits, see Buckhalter v. University of Florida, 411 So.2d 1327 (Fla. 1st DCA 1982), and Reese v. Sewell Hardware Co., 407 So.2d 965 (Fla. 1st DCA 1981). See also City of Tampa v. Bartley, 413 So.2d 1280 (Fla. 1st DCA 1982); Sunland Training Center v. Irving, 384 So.2d 745 (Fla. 1st DCA 1980); Department of Health and Rehabilitative Services v. Ryan, 381 So.2d 269 (Fla. 1st DCA 1980); and Sunland Training Center v. Thomas, IRC 2-3917 (1979). None of these cases considered the applicability or effect of section 440.14(3), however.
Section 440.14(3) provides:
If, during the period of disability, the employer continues to provide consideration, including board, rent, housing, or lodging, the value of such consideration shall be deducted when calculating the average weekly wage of the employee so long as these benefits continue to be provided, (e.s.)
The underscored language is similar to the language in section 440.02(12), which has been construed to include vested retirement and pension benefits, thus lending support to the argument for inclusion of vested retirement or pension benefits within the scope of consideration under section 440.14(3). In addition, the enumeration of benefits which constitute consideration in section 440.14(3) is not exhaustive as indicated by use of the term “including.” We conclude that contributions to vested retirement or pension programs are to be covered by section 440.14(3) when the employer continues to provide such benefits.
The next question, therefore, is whether the employer continues to provide this consideration under the circumstances *1090 of this case. We conclude, as did the deputy commissioner, that given claimant’s continuing eligibility to receive retroactive credit toward her retirement by virtue of Rule 22B-2.12, and considering her present temporary total disability status, that the employer is continuing to provide the benefit. Therefore, the employer may exclude the value of its contributions to retirement from the calculation of claimant’s average weekly wage under section 440.14(3) so long as such consideration is provided and subject, of course, to any right to modification which may in the future exist under section 440.28, Florida Statutes, based on changed conditions cognizable under that section such as, for example, termination of claimant’s state employment.
The deputy commissioner also found in the order appealed that the employer continues to make health and life insurance premium payments, thus the value of these benefits was also properly excluded from the determination of claimant’s average weekly wage. Claimant has not challenged this finding or conclusion on appeal, and has specifically asked that this court not address this issue in our opinion. However, we note that the issue was determined in the final order appealed. By failing to take issue with that aspect of the order and abandoning that issue on appeal, appellant has waived the opportunity for review of that part of the deputy’s order.
AFFIRMED.
SHIVERS and THOMPSON, JJ., concur.

. 22B-2.12 Worker’s Compensation Credit. A member who has been eligible or becomes eligible to receive Worker’s Compensation payments for an injury or illness during his employment as a member of the Florida Retirement System shall receive retirement credit for such period in accordance with the following provisions:
(1) A member who receives only Worker’s Compensation benefits during this period shall, upon his return to active employment, receive full retirement credit for the period during which Worker’s Compensation payments were received at no cost. Such credit shall be based on his rate of monthly compensation immediately prior to his receiving Worker's Compensation payments.