489 So.2d 785 (1986)
MUNROE REGIONAL MEDICAL CENTER and All Risk Corporation, Appellants,
v.
Denise E. RICKER, Appellee.
No. BI-312.
District Court of Appeal of Florida, First District.
May 13, 1986.
*787 Ralph J. McMurphy, of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellants.
J.W. Chalkley, III, of Chalkley & Sims, P.A., Ocala, for appellee.
ZEHMER, Judge.
The employer/carrier appeal an order of the Deputy Commissioner finding that claimant sustained a compensable injury, setting average weekly wage, determining the date of maximum medical improvement, awarding temporary total disability and wage loss benefits, and awarding orthopedic care. We affirm in part and reverse in part.
Claimant worked for Munroe Regional Medical Center carrying and delivering medical supplies and machines to the nursing stations at the hospital. For the two weeks prior to August 1, 1984, claimant was on vacation, and when she returned on August 1 the hospital had opened a new wing and the volume of claimant's work was very heavy, including stocking the new wing. At the end of her first day back from vacation, a Wednesday, claimant felt some back pain but expected that it would be temporary and continued to work on Thursday and Friday of that week. Her back pain continued to increase until on Friday she commented about it to a co-employee. Claimant hoped that the pain would lessen over the weekend, but it grew steadily worse until the next work day, Tuesday, at which time claimant reported to the emergency room without performing any work.
On August 14 claimant was seen by Dr. Farris, an orthopedic surgeon, who diagnosed lumbosacral sprain with radiculopathy. Dr. Farris continued treating claimant during August and September and opined that claimant was TTD from August 14 until October 24, 1984. On October 30 Dr. Farris released claimant to work and instructed her that she could return to work with the restriction that she not lift over thirty pounds. Claimant returned to her job during November but testified she was unable to continue in the job because of back pain. She worked through the end of November and then took a six week unpaid personal leave of absence in hopes that the rest would relieve her back problems. Claimant again saw Dr. Farris on January 8, 1985, at which time Dr. Farris found that claimant was MMI with a ten percent permanent impairment to the body as a whole. At this examination Dr. Farris did not repeat his instructions to claimant that she should return to work.
On January 14, 1985 claimant filed an amended claim for benefits requesting an adjustment of her AWW, TTD benefits from August 1, 1984 to the date of the hearing, or alternatively, wage loss benefits, and interest, penalties, costs and attorney's fees. The E/C defended on the ground that claimant had not suffered an accident in the course and scope of employment. A final hearing was held on August 8, 1985, and on August 28 the deputy entered an order finding that claimant had sustained a compensable injury, that her AWW was $176.42, including $13.77 for vacation and sick leave and $10.64 for social security taxes, that claimant was entitled to TTD benefits from August 1, 1984 through January 8, 1985, with the exception of "the five days" that she attempted to work, and that claimant was entitled to wage loss benefits from January 8 through the date of the hearing. The deputy excused claimant's lack of a job search based upon a finding that Dr. Farris did not inform her at his January 8, 1985, examination that she should return to work.
The E/C argues that the deputy erred in finding claimant suffered a compensable accident because the evidence does not support a finding that claimant experienced "an unexpected or unusual event or result, happening suddenly." § 440.02(1), Fla. Stat. (1983); McCrory Stores v. Pence, 453 So.2d 159 (Fla. 1st DCA 1984). We hold that the deputy did not exceed his discretion in finding that the *788 back injury was an unexpected result happening suddenly and affirm his ruling. Construed most favorably to claimant the record shows that she suffered unusual back pain on her first day back to work, that she was doing extra strenuous duty, that she had just come off vacation, and that she continued working the next two days but that the pain got steadily worse until she was simply unable to continue working. The record shows that claimant's job involved lifting and delivery of various medical supplies and machines. The evidence is sufficient to support the deputy's finding of a compensable accident. Houle v. Asphalt Sealing and Stripping Company, 397 So.2d 669 (Fla. 1981); Williams v. Terrazzo Associates, 224 So.2d 257 (Fla. 1969); Spivey v. Battaglia Fruit Company, 138 So.2d 308 (Fla. 1962).
The second issue raised by the E/C is that the deputy erred in including social security taxes, sick leave, and vacation leave benefits in claimant's AWW. We agree.
With respect to social security taxes, we have been unable to locate any cases that have construed the statute[1] to determine whether such taxes are includable in AWW. The general rule with respect to the statutory definition of AWW and the inclusion of vested pension or retirement benefits is that the benefits must have a real present day value to the worker, i.e., the worker must be able to withdraw the funds at will or the vesting of the benefits must be assured. Sunland Training Center v. Irving, 384 So.2d 745 (Fla. 1st DCA 1980); Smith v. Sunland Training Center, 455 So.2d 1088 (Fla. 1st DCA 1984). We agree with the E/C that social security benefits are not vested property rights in the same sense as vested retirement benefits under a contractual arrangement. Congress has specifically retained the power and authority to alter or amend the amount of benefits and the terms of entitlement to benefits under the Social Security Act. 42 U.S.C. § 1304; Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). The federal courts which have examined whether social security benefits are vested in a property sense have consistently held that such benefits are not vested. E.g., Guarino v. Celebrezze, 336 F.2d 336, 338 (3d Cir.1964); Skeels v. Richardson, 453 F.2d 882 (5th Cir.1972). Further, claimant did not present any evidence to show that she was entitled to receive social security benefits, or that she had applied for and was receiving such benefits. In light of the case law regarding the nature of social security benefits, and the evidence in the record, we decline to hold that social security taxes are of sufficient "real present day value" to be included in claimant's AWW. We reverse that portion of the appealed order doing so.
With respect to inclusion of vacation benefits in AWW, the rule is clear that payment for vacation time is includable if it has vested. Vida Appliances, Inc. v. Gates, 416 So.2d 1186 (Fla. 1st DCA 1982). There was no evidence produced in this case to show that claimant had any vested right to vacation benefits; accordingly, we reverse the deputy's inclusion of this item in claimant's AWW. Belle v. General Electric Company, 409 So.2d 182 (Fla. 1st DCA 1982).
We also reverse the inclusion of sick leave benefits in this claimant's AWW because it was not proven that under her contract of employment such benefits can vest or had vested. In fact, claimant testified that at the time she took her personal leave of absence she had no accrued sick leave. Additionally, the record shows that payment for sick leave is only authorized if the employee leaves her employment in good standing, and the record reveals that *789 it was questionable whether claimant had left in good standing.
Finally, the E/C contend that the deputy erred in awarding TTD benefits and wage loss benefits because there was no medical evidence to support claimant's inability to return to work and because the deputy erred in excusing claimant's lack of a job search. We affirm the deputy's award of TTD benefits from August 1, 1984 to October 30, 1984. There was sufficient medical evidence in the record to support an award of TTD benefits up until October 30, the date claimant was released to work by Dr. Farris.
We reverse the award of TTD benefits from November 1, 1984 to January 8, 1985 and the award of wage loss benefits from January 8 to the date of hearing. The record shows that claimant did not conduct a job search and that the deputy excused such search based upon a finding that Dr. Farris should have informed claimant that she should return to work when he examined her on January 8. It is not disputed that on October 30 claimant was clearly told by Dr. Farris she could return to light duty work. This was a sufficient instruction to claimant that she should either return to her regular employer with limitations on her ability to work, or she should engage in a job search. Absent a showing of intervening circumstances such as a change in her medical condition that would alter this instruction, which was not the case here, she cannot be legally excused from conducting a job search simply because Dr. Farris did not repeat this instruction on January 8.
The deputy also erred in awarding benefits during substantially all of the month of November 1984 because the record shows that claimant worked during this entire period.
AFFIRMED in part, and REVERSED in part.
NIMMONS and BARFIELD, JJ., concur.
NOTES
[1] §§ 440.02(21), 440.14, Fla. Stat. (1983).