MILLS, Judge.
This is a workers’ compensation appeal from an order finding permanent partial impairment and granting wage loss benefits. W.R. Grace & Company, the employer herein, contends the instant record does not contain sufficient, competent and substantial evidence to support these awards. We disagree and affirm.
On 4 November 1985, an order was entered on Shaw’s claim, finding she had reached maximum medical improvement (MMI) as of 18 July 1984, and she had sustained a 15% permanent psychiatric impairment from her on-the-job injury. The order further found Shaw had conducted a good faith job search and awarded to her wage-loss benefits for the months of August 1984, March 1985, and July 1985; three weeks in each of the months of April and May 1985; two weeks in October of 1984; and one week in each of the months of September 1984, February 1985 and June 1985.
The order’s finding of permanent impairment was based in large part on the testimony of Dr. Robin Wooten, a psychiatrist, *942 who had treated Shaw since March of 1982. The employer argues that Dr. Wooten gave inconsistent and equivocating testimony, and his opinion on the issue of impairment must be considered speculative. We disagree.
Dr. Wooten repeatedly stated during both of his depositions that Shaw’s psychiatric problems were based on her physical symptoms, and that if her physical condition should improve then her psychological state should also improve. However, two neurologists, whose depositions are contained in the instant record, both agreed that Shaw has no impairment on a neurological basis. In other words, there will be no more improvement in her physical condition from a neurological standpoint. The deputy commissioner, having competent evidence before him that Shaw’s physical condition would not improve, properly viewed Dr. Wooten’s testimony as supporting a finding of permanent psychological impairment. Moreover, Dr. Wooten did state unequivocally that Shaw had a disability rating of 15% under the AMA guides, and would not be able to function productively if released to return to work.
Florida law requires a claimant to establish a good faith job search has been performed before wage-loss benefits may be obtained. Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982). However, the credibility and sufficiency of the evidence to establish a good faith work search is a factual matter to be determined by the deputy commissioner. City of Tampa v. Bartley, 413 So.2d 1280 (Fla. 1st DCA 1982).
In Bartley, this court affirmed the finding of an adequate job search even though the claimant had been somewhat “picky” about the jobs he sought. Further, in City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984), an employment search which entailed contacting a minimum of ten prospective employers a month was deemed sufficient. In the present case, Shaw contacted an average of 25 employers’ per month and called the Florida State Employment Service approximately three times per month. Based on this evidence, it was not error for the deputy commissioner to find Shaw had in good faith searched for employment, especially considering that wage-loss benefits were denied for those periods in which Shaw made no contacts due to transportation difficulties.
The order appealed from is affirmed in all respects.
BOOTH, C.J., and WENTWORTH, J., concur.