SHIVERS, Chief Judge.
The employer/carrier (E/C) appeal portions of an order finding claimant’s retirement benefits vested and calculating the value of accrued sick leave in determining average weekly wage (AWW). For the following reasons, we reverse and remand for recalculation of claimant’s AWW.
Claimant began custodial work with the Polk County School Board on November 12, 1984. She strained her back February 3, 1987 while on the job and she discontinued working in May 1987.
Claimant filed a wage loss claim for April 1988 and the deputy commissioner (DC) found for the claimant. The E/C had stipulated to the compensability of claimant’s back injury, had paid TTD, TPD, and wage loss benefits for certain periods, and had agreed to pay certain medical costs incurred by the claimant.
In discussing his reasons for including the retirement benefits in the AWW, the DC found that sections 121.021(13), and sections 121.091(4) and (5), Fla.Stat. (1987), provide that the “State of Florida makes certain vesting of rights under their pension plan to persons who are injured in the line of duty.” He said that when the employer pays its contribution to the retirement system of the State of Florida, the employer divests itself totally and completely of all control of the money and the employee remains credited with those contributions should she return to state employment. In this case, though, only the school board made contributions to the retirement fund. The claimant did not contribute.
Employee “wages” include employer “contributions to pension plans to the ex *992 tent that the employee’s rights have vested ” Section 440.02(21), Fla.Stat. (1987). “The general rule with respect to the statutory definition of AWW and the inclusion of vested pension or retirement benefits is that the benefits must have a real present-day value to the worker, i.e., the worker must be able to withdraw the funds at will or the vesting of the benefits must be assured.” Munroe Regional Medical Center v. Ricker, 489 So.2d 785, 788 (Fla. 1st DCA 1986).
Here, claimant’s retirement pension fund was established under the Florida Retirement System Act, Chapter 121, Fla.Stat. (1987). On review, the sections (of Chapter 121) specifically relied upon by the DC do not support the conclusion that claimant’s retirement benefits “vested” as that term is understood in workers’ compensation jurisprudence. Section 121.-091(4) refers to disability retirement benefits and simply does not apply to the instant case because subsection (4)(a) shows that the statute applies to a member who becomes totally and permanently disabled after completing five years of creditable service, or a member who becomes totally and permanently disabled in the line of duty regardless of length of service. Claimant’s impairment rating is 5% as found by the DC and that finding is supported by competent, substantial evidence. There is no evidence that the claimant is totally and permanently disabled.
Except that Section 121.021(13) defines “disability in line of duty” as used in section 121.091(4), that section is of no consequence to this case.
The remaining statute relied upon is section 121.091(5). It refers to termination benefits, and it applies to, inter alia, members “whose employment is terminated for any reason other than death or retirement prior to the completion of ten years of creditable service.... ” In the event of such, the member is entitled to have his accumulated contributions returned to him. Since claimant made no contributions toward her retirement, this statute does not apply.
Section 121.091(1) does aid in the determination of whether the claimant's retirement benefits have vested. That statute refers to normal retirement benefits and states that a member may begin receiving a monthly benefit upon reaching his normal retirement date. Under section 121.021(29) “normal retirement date” means the first day of any month following the date a member obtains one of a number of statuses, all of which require at least seven years of creditable service.[1] The claimant began working for the school board on November 12, 1984, and she terminated her employment in May 1987. She is not assured of receiving retirement benefits from the state because she has not completed the minimum requisite of 7 years creditable service.
The DC’s reasons for finding claimant’s retirement benefits vested, namely that the school board cannot recover the funds contributed in the claimant’s behalf and that the claimant would be credited with the amounts contributed should she again work for an employer that contributed to the state’s retirement fund, are not among stated elements of the Act which imbue claimant’s potential retirement benefits with .vested status. For purposes of calculating AWW, to determine whether claimant’s retirement benefits have vested under the Act, we find the appropriate inquiry to be whether the claimant has accumulated the requisite amount of creditable service that would entitle her to receive retirement benefits upon reaching the point at which benefit payments may begin. In this case, if claimant never again had further contributions made in her behalf to the Florida Retirement System, she would receive no retirement benefits under the Act upon reaching retirement age or upon reaching some other status triggering the receivability of accrued benefits. To base vested status on the notion that an employee might again have contributions to the System made in her behalf, is too speculative a *993 basis for including the contributed sums in a claimant’s AWW. Similarly, the contributor’s inability to recoup its payments to the Fund does not serve as an adequate basis for requiring the- inclusion of contributed sums in a claimant’s AWW. See Munroe Regional Medical Center, supra.
Our holding is consistent with State Department of Health and Rehabilitative Services v. Ryan, 381 So.2d 269 (Fla. 1st DCA 1980) wherein we reversed the DC’s AWW determination because he incorrectly included the state’s contribution to the claimant’s retirement fund. The court stated that the claimant had not completed ten years of service and is not qualified for regular retirement. Similarly, the claimant here had not completed the requisite years of service to be entitled to retirement benefits and thus she did not show that at the time of her injury she was receiving any tangible benefit of a real present-day value from the school board’s contribution to her retirement fund. See also Sunland Training Center v. Irving, 384 So.2d 745 (Fla. 1st DCA 1980) (where the court reversed the inclusion in the claimant’s AWW determination of the employer’s contributions to the state retirement fund on the ground that the funds were not currently available to the claimant and their vesting was not assured (the court did not discuss how much creditable service was accrued and it did not otherwise elaborate on its finding that the funds had not vested)).
Based on the foregoing we find that claimant’s retirement benefits had not vested under the Florida Retirement System and thus the amounts contributed by the school board were not includable in her AWW calculation.
As to the sick leave benefits inclusion in the DC’s AWW determination, vacation and sick leave benefits are includable in an AWW determination if the entitlement to payments for those benefits is vested. Munroe Regional Medical Center, supra. The DC concluded that the claimant’s entitlement to payment for vacation and sick leave time had vested in full. The DC based this conclusion on the union contract and the employee’s benefit book.
The E/C only argue that the DC failed to calculate the sick leave entitlement in accordance with the terminal pay provision of the union contract which requires the school board to pay claimant only 35% of her daily rate of pay times the number of sick leave days accrued at termination. This policy was testified to by the payroll supervisor. The DC considered the terminal pay provision of the union contract and heard the payroll supervisor’s testimony regarding this provision yet he did not explain why more than 35% of the claimant’s sick leave had vested.
Accordingly, we reverse the DC’s AWW calculation and remand for redetermination of AWW without inclusion of employer contributions to the state retirement system and with inclusion of only the contractually vested sick leave benefits.
REVERSED and REMANDED.
SMITH and BARFIELD, JJ., concur.

. Probably the most common status achieved is that of ten or more years of creditable service and obtaining the age of 62 years. Subsection (29)(a).