565 So.2d 375 (1990)
AVON PARK CORRECTIONAL INSTITUTE and Alexisis Risk Management Service, Appellants,
v.
Virginia J. CAMPBELL, Appellee.
No. 89-1088.
District Court of Appeal of Florida, First District.
August 8, 1990.
Nancy A. Lauten and Richard G. Davis of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
Virginia J. Campbell, pro se.
WOLF, Judge.
The employer appeals a workers' compensation order awarding certain compensation benefits to the claimant after a hearing where the employer/carrier failed to appear. The employer/carrier raises three issues, but we only find merit in the one related to the inclusion of fringe benefits in the calculation of claimant's average weekly wage. Since there is a total lack of evidence to indicate that these benefits *376 were vested, it was error to include them in the calculation of average weekly wage, and, therefore, we reverse on this issue.
Claimant was injured in a compensable accident on June 19, 1986, when she twisted her neck and back. The employer provided immediate medical treatment but denied all medical care after April 18, 1988.
On October 5, 1988, claimant filed a pro se claim for certain compensation benefits and an application for hearing. Claimant appeared at the hearing, but there was no appearance on behalf of the employer/carrier. While the employer/carrier initially disputed whether they received notice of the hearing, they have now conceded that notice, in fact, was given.
At the hearing, the judge placed claimant under oath and proceeded to question her as to the claim. The judge granted all benefits requested.
The employer/carrier filed an appeal challenging the judge's orders on three grounds. These grounds were:
1. Whether the judge erred as a matter of law in requiring the employer to reinstate all sick leave time deducted as a result of absences caused by the accident.
2. Whether the judge erred as a matter of law by including fringe benefits in the average weekly wage.
3. Whether there is competent and substantial evidence to support the finding that the claimant had paid $420 for accident-related medical treatment.
We specifically find that there was sufficient evidence to support the judge as to points one and three and that the employer/carrier waived all pertinent legal objections to these points by their failure to appear.
We find merit only in appellant's second point on appeal.
The Florida Workers' Compensation Rules of Procedure do not provide for the entry of a default or a judgment thereon. Geiger-Ricketts Dev. Co. v. Alsman, 499 So.2d 40 (Fla. 1st DCA 1986). If an employer/carrier fails to appear at a hearing, claimant still has the burden of presenting evidence of entitlement to benefits. Bee Gee Shrimp, Inc. v. Carreras, 516 So.2d 1121 (Fla. 1st DCA 1987). In order to include claimant's fringe benefits in the calculation of average weekly wage, there must be some evidence that said benefits were vested. Munroe Regional Medical Center v. Ricker, 489 So.2d 785 (Fla. 1st DCA 1986).
In the instant case, there is absolutely no evidence that the fringe benefits which were utilized in calculating average weekly wage were, in fact, vested.
Accordingly, based upon the dictates of Bee Gee Shrimp, Inc. v. Carreras, 516 So.2d 1121 (Fla. 1st DCA 1987), we must reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
SHIVERS, C.J., and BOOTH, J., concur.