585 So.2d 1044 (1991)
CITY OF DAYTONA BEACH, Appellant/Cross-Appellee,
v.
Jeffrey AMSEL, Appellee/Cross-Appellant.
No. 90-1953.
District Court of Appeal of Florida, First District.
August 30, 1991.
Rehearing Denied October 18, 1991.
*1045 Gregory J. McDole, Asst. City Atty., Daytona Beach, for appellant.
Paul J. Morgan of Simmermon, Morgan & Wingo, Orlando and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
JOANOS, Chief Judge.
In this workers' compensation case, the employer, the City of Daytona Beach (City), appeals an order of the judge of compensation claims requiring reimbursement of disability pension benefits withheld by the City as an offset against the claimant's workers' compensation benefits. The claimant cross-appeals that portion of the order denying his claim for inclusion of the value of his sick leave benefits in the average weekly wage calculation. We affirm the issue on appeal, and reverse the issue on cross-appeal.
On March 29, 1982, claimant was injured in the course and scope of his employment as a police officer with the City. Effective August 25, 1984, claimant was granted a service-connected disability pension. After his injury, based on an average weekly wage of $443.62, claimant received the maximum compensation rate of $253.00 per week in temporary total disability benefits. On December 11, 1988, claimant was accepted as permanently and totally disabled. Beginning August 25, 1984, contemporaneously with the grant of his service-connected disability pension, pursuant to Section 6 of the City's pension fund, the City reduced claimant's disability pension benefits by the amount of his monthly workers' compensation benefits. Since claimant's workers' compensation benefits exceeded his disability pension benefits, no pension benefits were paid.
As part of his employee benefits, claimant was entitled to eight hours of sick leave per month, valued at $13.71 per week. Under the City's sick leave incentive program, according to a specific formula, a portion of accrued sick leave, not to exceed forty hours per year, could be paid to an employee. Immediately following claimant's injury, the City applied his accrued sick leave to pay him full salary. This continued until *1046 such time as claimant's sick leave was exhausted.
The Florida Supreme Court's decision in Barragan v. City of Miami, 545 So.2d 252 (Fla. 1989), was released April 20, 1989. In accordance with the Barragan decision, the City discontinued the workers' compensation offset against claimant's disability pension benefits, except to the extent that the combination of workers' compensation benefits and disability pension benefits exceeded one hundred percent of claimant's average weekly wage. However, the City pension board decided that it would not apply the Barragan decision retroactively.
Claimant filed a petition to increase his workers' compensation benefits. Citing Barragan, claimant maintained the City had acted improperly in offsetting his workers' compensation benefits against his disability pension benefits. Claimant also sought an increase in his average weekly wage calculation to reflect the value of his sick leave, as well as the value of other benefits not at issue here.
The judge of compensation claims found the Barragan decision controlling on the disability pension offset issue, and further ruled that Barragan should have retroactive application. We agree. Generally, a decision by a court of last resort which overrules a prior decision will apply both retrospectively and prospectively, unless declared by the opinion to operate prospectively only. Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735 (Fla. 1989); Black v. Nesmith, 475 So.2d 963 (Fla. 1st DCA 1985). See also Cassidy v. Firestone Tire & Rubber Co., 495 So.2d 801, 802 (Fla. 1st DCA 1986), cert. denied, 484 U.S. 802, 108 S.Ct. 45, 98 L.Ed.2d 10 (1987)  "decisions overruling earlier precedent are generally given retroactive effect whereby judicial construction of a statute is deemed to relate back to the enactment of the statute." Since the Barragan decision is silent on the question of retrospective application, it must be presumed to have both retrospective as well as prospective application.
The employer in this case insists that the appealed issue falls within the purview of the exception to the foregoing rule. Pursuant to the exception, "where property and contract rights have been acquired under and in accordance with a previous statutory construction of the supreme court, such rights should not be destroyed by giving retrospective operation to a subsequent overruling decision." Brackenridge v. Ametek, Inc., 517 So.2d 667, 669 (Fla. 1987), cert. denied, 488 U.S. 801, 109 S.Ct. 30, 102 L.Ed.2d 9 (1988); Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251, 253 (1944); Department of Revenue v. Anderson, 389 So.2d 1034 (Fla. 1st DCA 1980), review denied, 399 So.2d 1141 (Fla. 1981). The employer's argument in this regard is unavailing in light of the concomitant rule that the laws in force at the time a contract is made form a part of the contract as if expressly incorporated into it. Florida Beverage Corp. v. Division of Alcoholic Beverage and Tobacco, Department of Business Regulation, 503 So.2d 396 (Fla. 1st DCA), review denied sub nom. Barton Brands, Ltd. v. Florida Beverage Corp., 511 So.2d 998 (Fla. 1987).
In this case, the City recognizes that the opinion in Barragan v. City of Miami, contains no express declaration that it is to operate prospectively only. In urging that the exception to the rule ought to apply, the City does not take into account the rationale underlying the Barragan decision, i.e., that pursuant to section 440.21, Florida Statutes, an employer is prohibited from deducting workers' compensation benefits from an employee's pension benefits. 545 So.2d at 254. The court observed that the City's ordinance which permitted this to be done "flies in the face of state law and cannot be sustained." 545 So.2d at 255. By the same token, the City does not address the decretal language and the remand of Barragan for further proceedings, which constitutes an implicit determination that the decision is to have retroactive application.
The cross-appeal issue concerns the judge's failure to include the value of sick leave in the calculation of claimant's average weekly wage. Fringe benefits *1047 should be included in the calculation of average weekly wage when such benefits have a real present day value to the employee, i.e., "the worker must be able to withdraw the funds at will or the vesting of the benefits must be assured." Munroe Regional Medical Center v. Ricker, 489 So.2d 785, 788 (Fla. 1st DCA 1986), citing Smith v. Sunland Training Center, 455 So.2d 1088 (Fla. 1st DCA 1984). See also Sunland Training Center v. Irving, 384 So.2d 745 (Fla. 1st DCA 1980). Sick leave benefits may be included in the calculation if it is proven that under the contract of employment such benefits can vest or had vested, i.e., if the employee has "an immediate, fixed right of present or future enjoyment." Black's Law Dictionary 1401 (5th ed. 1979). Also, consideration should be given to whether payment for sick leave is authorized when the employee leaves the employment. Munroe Regional Med. Center v. Ricker, 489 So.2d at 788; Polk County School Board v. Cobbett, 547 So.2d 991 (Fla. 1st DCA 1989). Accord Avon Park Correctional Institute v. Campbell, 565 So.2d 375 (Fla. 1st DCA 1990).
We conclude that the sick leave provisions of the employment contract in this case satisfy the test for inclusion in an average weekly wage calculation, within the contemplation of Sunland Training Center v. Irving and its progeny. Claimant's contract of employment authorized eight hours of sick leave per month, and contained an incentive provision whereby employees could be paid for up to forty hours of unused sick leave per year, according to a set formula. Claimant's entitlement or vested right to sick leave was demonstrated by the employer's use of his accrued sick leave to keep him at full salary until such time as his sick leave was exhausted. Although the accident triggered claimant's use of sick leave, his right of present or future enjoyment of sick leave was fixed by his employment contract, and should have been included in the average weekly wage calculation.
Accordingly, we affirm that portion of the order which gives retrospective application to the holding of Barragan v. City of Miami. We reverse that portion of the order setting forth the average weekly wage calculation, and remand with directions to include the value of sick leave in the average weekly wage calculation.
WIGGINTON and KAHN, JJ., concur.