PER CURIAM.
The City of Miami challenges this workers’ compensation order on the grounds that (1) the Judge of Compensation Claims (JCC) erred in applying Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), retroactively despite the City’s reliance on numerous appellate precedents in taking pension offsets; (2) the JCC erred in awarding penalties on the award resulting from the retroactive application of Barragan; and (3) the order should be modified to delete the language giving a lien in favor of the City of Miami Fire Fighters’ and Police Officers’ Retirement Trust (FIPO) for the Barragan offset.[1]
On the questions of retroactivity and penalties, we affirm the order. City of Miami v. Fair, 614 So.2d 1110 (Fla. 1st DCA 1992); City of Miami v. Thomas, 614 So.2d 1111 (Fla. 1st DCA 1992); City of Miami v. Bell, 606 So.2d 1183 (Fla. 1st DCA 1992); City of Miami v. Burnett, 596 So.2d 478 (Fla. 1st DCA 1992); City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991). We certify to the Florida Supreme Court as a question of great public importance the following question which was certified in City of Miami v. Bell, supra at 2184:
IS SECTION 440.20(7) APPLICABLE UNDER THE CIRCUMSTANCES OF THIS CASE, AND IF SO, CAN THE CITY OF MIAMI BE LEGALLY EXCUSED FROM PAYING A PENALTY PURSUANT TO THAT SECTION ON THE AMOUNT OF PENSION OFFSET MONIES WITHHELD IN THE PAST BECAUSE THE CITY DID SO IN GOOD FAITH RELIANCE ON THE VALIDITY OF THE CITY ORDINANCE AUTHORIZING THE PENSION OFFSET IN VIEW OF THE APPELLATE DECISIONS APPROVING ITS VALIDITY?
As to the lien, the JCC required the City of Miami to pay claimant compensation subject to a lien in favor of FIPO for the $39.74 per month, which is the amount of claimant’s combined workers’ compensation and pension benefits which exceed 100% of his average monthly wage. The order states:
Wherefore, it is ordered and adjudged that the employer, City of Miami, do: (1) Pay John Hickey compensation for permanent total disability at $119.00 per week from March 24, 1979, to August 1, 1989*,,subject to a lien in favor of FIPO of $39.74 per month as provided in this order.
*1118 The City of Miami contends that the language “subject to a lien in favor of FIPO” should be deleted from the order, and that the order should instead state that the award is “subject to an offset in excess of the average monthly wage, which in this case is $39.74 per month.” The City asserts that it is responsible for paying both workers’ compensation and pension benefits, while the pension board is responsible only for administering the funds and issuing the pension checks. Therefore the lien should not be in favor of FIPO.
In City of Miami v. Bell, supra, this court discussed this issue. In Bell, no provision was made for giving effect to the offset in the decretal portion of the order. Because the order was silent as to how the offset was to be recouped, the City asked this court to specify that the offset be taken by the City rather than the pension fund. The claimant responded by urging that the order was not in error and that any excess over average monthly wage should create a lien in favor of the pension fund to the extent of such excess. This court declined to decide the dispute, noting that the supreme court in Barragan v. City of Miami, 545 So.2d 252 (Fla.1989), expressly declined to recognize any legal distinction between the City and the pension fund trustees regarding the subject matter of the litigation. The court rejected the argument that the pension fund was an indispensable party, saying, “After all, the City is responsible for the payment of both workers’ compensation and pension benefits regardless of the funds from which the monies are withdrawn, and the City has strenuously litigated this case on behalf of its pension fund throughout these proceedings.” 545 So.2d at 253.
This court likewise declined to treat the City as a different legal entity from its pension fund in Bell. The court noted that since the City has legal responsibility for payment of both workers’ compensation and disability pension benefits, it would seem that how the City gives effect to the Barragan offset and allocates the excess of benefits over average monthly wages is an internal municipal matter more appropriately resolved by the City alone. The court concluded that no legal basis existed for the court to resolve the dispute. Bell, supra at 2184. Based on the language contained in Bell and Barragan, we delete the language “subject to a lien in favor of FIPO” and substitute the language “subject to an offset in excess of the average monthly wage, which in this case is $39.74 per month.”
SMITH, SHIVERS and KAHN, JJ., concur.

. This offset derives solely from the supreme court's opinion in Barragan, wherein it directed:
The employer may not offset workers' compensation payments against an employee’s pension benefits except to the extent that the total of the two exceeds the employee’s average monthly wage.
545 So.2d at 255.