PER CURIAM.
In this workers’ compensation case, all of the issues raised on appeal have been addressed recently in City of Miami v. Hickey, 614 So.2d 1116 (Fla. 1st DCA 1992), which decision is controlling here. Accordingly, as in Hickey, on the issues of re-troactivity and penalties, we affirm the decision of the judge of compensation claims and certify to the supreme court the following question, which we believe to be of great public importance:
IS SECTION 440.20(7) APPLICABLE UNDER THE CIRCUMSTANCES OF THIS CASE, AND IP SO, CAN THE CITY OF MIAMI BE LEGALLY EXCUSED FROM PAYING A PENALTY PURSUANT TO THAT SECTION ON THE AMOUNT OF PENSION OFFSET MONIES WITHHELD IN THE PAST BECAUSE THE CITY DID SO IN GOOD FAITH RELIANCE ON THE VALIDITY OF THE CITY ORDINANCE AUTHORIZING THE PENSION OFFSET IN VIEW OF THE APPELLATE DECISIONS APPROVING ITS VALIDITY?
Also as in Hickey, on the lien issue, we delete from the order of the judge of compensation claims the language “subject to a lien in favor of FIPO of $513.57 per month”; and in its place substitute the language “subject to an offset in excess of the average monthly wage, which offset in this case is $513.57."
AFFIRMED IN PART; and REVERSED IN PART.
ERVIN, BOOTH and WEBSTER, JJ., concur.