WOLF, Judge.
Claimant, Ramonita Rosado, appeals from a final order of the judge of compensation claims (JCC) which, among other things, determined average weekly wage (AWW). Claimant asserts that the JCC erred in holding that health insurance premiums paid by the employer within the 13 weeks prior to the industrial accident are not to be included in the calculation of AWW when claimant voluntarily cancelled her health insurance and the cancellation became effective prior to the date of the accident. We find no error, and affirm.
The claimant was injured in an industrial accident on April 2, 1992. The parties stipulated that the claimant cancelled her health insurance coverage, effective at midnight on March 31,1992, and that coverage was not in effect on the date of the industrial accident. A claim was filed for benefits, requesting that a determination be made to include in the calculation of the average weekly wage, the value of health insurance benefits paid by the employer during the 13-week period pri- or to claimant’s accident. Following a hearing, the JCC found that entitlement to a fringe benefit is determined as of the time of the injury; therefore, the employer’s contribution for insurance could not be included in the claimant’s average weekly wage because it was no longer a tangible benefit on the date of the industrial accident.
Section 440.14(1) states that “the average weekly wage of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation.” We find the JCC’s decision to be in accord with a well-established body of workers’ compensation law which says that fringe benefits should not be included in the calculation of *988 average weekly wage unless such benefits have vested and are a real present-day value to the employee at the time of the injury. See, e.g., City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991); Avon Park Correctional Institute v. Campbell, 565 So.2d 375 (Fla. 1st DCA 1990). We, therefore, affirm the order of the JCC in this case.
BOOTH and MICKLE, JJ., concur.