652 So.2d 469 (1995)
Robert G. SAGAR, Appellant/Cross-Appellee,
v.
UNIVERSITY OF FLORIDA and Division of Risk Management, Appellees/Cross-Appellants.
No. 93-935.
District Court of Appeal of Florida, First District.
March 23, 1995.
*470 Thomas W. Davis of Davis & Fernandes, Gainesville, for appellant/cross-appellee.
Barry D. Graves of Ritch & Graves, P.A., Gainesville, for appellees/cross-appellants.
PER CURIAM.
This cause is before us on appeal[1] from the judge of compensation claims' (JCC) order excluding sick leave from the calculation of appellant Sagar's average weekly wage (AWW).
The University of Florida's (UF) employee handbook in effect at the time of Sagar's injury provided that an employee who left work because of retirement, termination in good standing, or death could be paid part of unused sick leave credit, but only after completing ten years of creditable service. Because Sagar had worked for UF for less than five years, the JCC determined that Sagar's right to sick leave credit had not vested, and excluded same from his calculation of Sagar's AWW.
Significantly, however, the employee handbook further provided that in the event of a compensable injury, sick leave credit could be used on a proportionate basis with workers' compensation payments to keep an employee at full pay. Subsequent to Sagar's compensable injury, and consistent with the employee handbook, UF used Sagar's sick leave credit to keep him at full salary until his sick leave credit was exhausted. Thus, just as in City of Daytona Beach v. Amsel, 585 So.2d 1044, 1047 (Fla. 1st DCA 1991):
Claimant's entitlement or vested right to sick leave was demonstrated by the employer's use of his accrued sick leave to keep him at full salary until such time as his sick leave was exhausted. Although the accident triggered claimant's use of sick leave, his right of present or future enjoyment of sick leave was fixed by his employment contract, and should have been included in the average weekly wage calculation.
Amsel further provides that consideration should be given to whether payment for sick leave is authorized when the employee leaves the employment, not that this consideration be determinative of whether sick leave should be included in the calculation of AWW. The JCC erred in holding otherwise.[2]
*471 Accordingly, we REVERSE and REMAND with instructions that the JCC include the value of Sagar's sick leave in his average weekly wage calculation.
BOOTH, MICKLE and BENTON, JJ., concur.
NOTES
[1] We affirm without comment appellees' cross-appeal.
[2] Significantly, both Amsel and the present case involve industrial accidents that occurred prior to 1987, when the term "wages" was amended to mean monetary compensation together with, inter alia, "any other consideration received from the employer that is considered income under the Internal Revenue Code in effect on January 1, 1987... ." Ch. 87-330, § 1, at 2135, Laws of Fla.; § 440.02(21), Fla. Stat. (1987). We decline to address whether we would reach the same result in the present case had this or some other post-1987 definition of "wages" been in effect at the time of Sagar's industrial accident.