PER CURIAM.
This appeal arises from an order of the judge of compensation claims (“JCC”) determining the amount of Claimant’s average weekly wage (“AWW”) by including the value of the employer’s contributions to an in-line-of-duty pension plan and the value of Claim *488 ant’s sick leave accrued, but not used. Finding no error by the JCC, we affirm.
The JCC relied on our decision in City of Tampa v. Bartley, 413 So.2d 1280 (Fla. 1st DCA 1982), to include in the calculation of Claimant’s AWW the value of the City’s contributions to the in-line-of-duty disability pension. The JCC found that under the conditions of his employment, Claimant had vested in that pension plan immediately upon starting as a full-time police officer with the City. There is competent, substantial evidence to support the JCC’s findings, and we hold that the JCC properly relied on Bartley, supra. We reject the E/C’s argument on appeal that contributions to the in-line-of-duty pension were precluded from AWW calculations because the City’s pension plan was a defined benefit plan rather than a defined contribution plan. The benefit at issue meets the legal criteria for inclusion under section 440.02(24), Florida Statutes, see University of Florida v. Bowens, 677 So.2d 942 (Fla. 1st DCA 1996), and Sunland Training Center v. Irving, 384 So.2d 745 (Fla. 1st DCA 1980), and its progeny.
As to Claimant’s sick leave, the JCC relied on City of Daytona Beach v. Amsel, 585 So.2d 1044 (Fla. 1st DCA 1991), and determined that under Claimant’s employment contract, Claimant’s accrued but unused sick pay had indeed vested. Again, there is competent, substantial evidence to support the JCC’s findings. We find no error in the JCC relying on Amsel. See Bow-ens, supra; Sagar v. University of Florida, 652 So.2d 469 (Fla. 1st DCA 1995).
AFFIRMED.
BOOTH, WOLF and MICKLE, JJ., concur.