PER CURIAM.
 

 In this workers’ compensation appeal, the Employer/Carrier (E/C) seeks review of an order of the Judge of Compensation Claims (JCC) wherein the JCC calculated Claimant’s average weekly wage (AWW) to include the value of health insurance benefits. Because those benefits had not yet vested at the time Claimant was injured, we reverse.
 

 The parties agree that Claimant was injured on the 88th day of employment and his health insurance benefits were set to vest on his 90th day of employment. The case law on this topic is clear; “fringe benefits should not be included in the calculation of [AWW] unless such benefits have vested and are a real present-day value to the employee at the time of the injury.”
 
 Rosado v. J.C. Penney,
 
 647 So.2d 987, 987-88 (Fla. 1st DCA 1994).
 
 See also Univ. of Fla. v. Collins,
 
 678 So.2d 503, 506 (Fla. 1st DCA 1996) (“It need only be determined that the [claimant's right to the benefit had vested prior to the accident for it to be included in the calculation of AWW.”);
 
 Avon Park Corr. Inst. v. Campbell,
 
 565 So.2d 375, 376 (Fla. 1st DCA 1990) (reversing inclusion of fringe benefits in AWW because “there is absolutely no evidence that [they] were, in fact, vested”);
 
 City of Daytona Beach v. Amsel,
 
 585 So.2d 1044, 1046-47 (Fla. 1st DCA 1991) (“Fringe benefits should be included in the calculation of [AWW] when such benefits have a real present day value to the employee, i.e., ‘the worker must be able to withdraw the funds at will or the vesting of the benefits must be assured.’ ”);
 
 Munroe Reg’l Med. Ctr. v. Ricker,
 
 489 So.2d 785 (Fla. 1st DCA 1986) (holding Social Security benefits not included in AWW where not vested and claimant had not shown she was entitled to receive them).
 

 Specifically, in
 
 Amsel,
 
 this court explained that, even though sick leave benefits were only accessible to the claimant once he became sick, he had access to those benefits any time he became sick.
 
 See Amsel,
 
 585 So.2d at 1047. In contrast, Claimant here did not have access to health insurance benefits on the 88th day of his employment, despite the E/C’s future provision of those benefits.
 

 REVERSED and REMANDED for recalculation of Claimant’s AWW.
 

 WEBSTER, LEWIS, and ROBERTS, JJ., concur.